OWEN, Judge.
Appellant was convicted of a violation of the Drug Abuse Law and on this appeal assigns as error the denial of his motion to suppress certain tangible evidence seized as a result of a warrantless search of his automobile.
From our review of the record, examination of the briefs and consideration of the oral argument, we conclude that it was error to deny the motion to suppress. The information which the confidential informant furnished to the officer making the search was legally insufficient to be a basis for probable cause. See, Andersen v. State, 274 So.2d 228 (Fla.1973), cert. denied, 414 U.S. 879, 94 S.Ct. 150, 38 L.Ed.2d 124 (1973); Byrd v. State, 80 So.2d 694 (Fla.1955); Collins v. State, 65 So.2d 61 (Fla.1953).
The judgment is reversed and this cause is remanded with directions that appellant be accorded the opportunity to withdraw his plea of nolo contendere. See, State v. Ashby, 245 So.2d 225 (Fla.1971).
Reversed and remanded.
WALDEN, C. J., and REASBECK, JAMES, Associate Judge, concur.