354 So.2d 411 (1978)
Alberto MIRANDA and Alfredo Martinez, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 76-1233 and 76-1234.
District Court of Appeal of Florida, Third District.
January 17, 1978.
Rehearing Denied February 17, 1978.
*412 Max P. Engel, David Javits, Miami, for appellants.
Robert L. Shevin, Atty. Gen. and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before PEARSON, BARKDULL and HUBBART, JJ.
HUBBART, Judge.
This is a criminal prosecution for importation and possession of marijuana[1] before the Circuit Court for the Sixteenth Judicial Circuit of Florida in which the defendants were convicted as charged and sentenced to prison. The defendants appeal.
The only substantial issue presented for review is whether Florida Marine Patrol officers may board a boat temporarily moored in Florida waters to inspect the owner's boat registration and crawfish permit and thereafter conduct a warrantless search of the boat based upon a smell of marijuana detected by one of the officers upon boarding the boat  consistent with the constitutional right of the boat owner or occupant to be free from unreasonable searches and seizures guaranteed by the federal and state constitutions. We hold that such boarding and search is constitutional within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution[2] and Article I, Section 12 of the Florida Constitution.[3] Accordingly, we affirm.
The facts surrounding the search and seizure in this case are substantially undisputed. On January 2, 1976, in the afternoon hours, two Florida Marine Patrol officers were on routine patrol by boat in the waters off Card Sound in Monroe County, Florida. They saw a commercial fishing boat occupied by the two defendants, Alberto Miranda and Alfredo Martinez, tied up in the mangroves at the mouth of a small creek known as Angelfish Creek. The defendant Miranda appeared to be sleeping on the deck of the boat while the defendant Martinez was in the boat cabin.
One of the officers called but did not arouse the defendant Miranda as they pulled alongside the defendants' boat. The two officers thereupon boarded the boat for the purpose of checking the boat's registration and crawfish permit. As they boarded, both officers detected a strong, musty odor emanating from somewhere on the boat. One of the officers with prior law enforcement experience with marijuana identified the smell as that of marijuana and began searching the boat to locate the suspected drug.
Meanwhile, the other officer aroused the defendant Miranda and spoke to him and the defendant Martinez who had emerged from the boat cabin. This officer obtained *413 a valid boat registration and crawfish permit from the defendants and began questioning them about their fishing activities. While this questioning was taking place, the first officer searching the boat, opened the hatch of the boat where the marijuana odor was particularly pungent and discovered a large quantity of marijuana therein which was eventually seized. No search warrant was ever applied for or issued in this case. The defendants were thereupon placed under arrest and this prosecution followed.
The defendants in the trial court filed a motion to suppress the marijuana seized from the boat. The trial court held a pretrial evidentiary hearing on the motion in which the above facts were elicited. At the conclusion of the hearing, the trial court entered an order denying the motion to suppress finding that the search was justified under an exception to the rule requiring search warrants in that there was probable cause for the search of the boat coupled with exigent circumstances dispensing with the necessity for a search warrant. We entirely agree.
The law is well-settled that a search of private property conducted by state or federal agents without a duly issued search warrant is per se "unreasonable" under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 12, of the Florida Constitution  subject only to a few specifically established and well-delineated exceptions justified by absolute necessity. These exceptions have been jealously and carefully drawn, and the burden is upon the state to demonstrate their application in a given case which implicit therein requires a showing that the procurement of a search warrant was not feasible because the exigencies of the situation made that course imperative. United States v. United States District Court, 407 U.S. 297, 92 S.Ct. 2125, 32 L.Ed.2d 752 (1972); Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958); McDonald v. United States, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153 (1948); Hornblower v. State, 351 So.2d 716 (Fla. 1977) (opinion filed October 27, 1977); Haile v. Gardner, 82 Fla. 355, 91 So. 376, 378 (1921); Britton v. State, 336 So.2d 663 (Fla. 1st DCA 1976); Shepard v. State, 319 So.2d 127 (Fla. 1st DCA 1975); Hannigan v. State, 307 So.2d 850 (Fla. 1st DCA 1975).
One of the recognized exceptions to the search warrant requirement rule is that a moving vehicle may be searched without a search warrant if there is probable cause to believe that the vehicle contains contraband or evidence of crime. Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), adopted by Section 933.19, Florida Statutes (1975); Collins v. State, 65 So.2d 61 (Fla. 1953). This exception is grounded in absolute necessity and has been applied to boats as well as automobiles and other motor vehicles. Carroll v. United States, 267 U.S. 132, 151, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Hill v. State, 238 So.2d 608 (Fla. 1970). To require the procurement of a search warrant for such moving conveyances would be extremely impracticable because the conveyance is highly mobile and capable of being removed from the jurisdiction prior to the time a search warrant could be applied for and obtained. Furthermore, it has long been felt that one's reasonable expectation of privacy in an automobile or boat is less than that of a private dwelling and therefore is more open to legitimate governmental intrusion. Cardwell v. Lewis, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974); Cameron v. State, 112 So.2d 864, 873 (Fla. 1st DCA 1959).
Related to this exception is the well-established authority of proper law enforcement officers to stop and board a boat in Florida waters for the purpose of checking the boat's registration and crawfish permit. Hill v. State, 238 So.2d 608 (Fla. 1970); Sections 370.021(5), 370.14(3)(c), 371.051(5), Florida Statutes (1975). This is akin to the authority of proper law enforcement officers to stop an automobile for the purpose of making a driver's license or car registration *414 check. City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959); Cameron v. State, 112 So.2d 864, 869 (Fla. 1st DCA 1959); Section 321.05(1), Florida Statutes (1975). Such authority, however, does not carry with it the right to conduct a general exploratory search of the boat or automobile for evidence of crime. In the absence of probable cause or some other recognized exception to the search warrant rule, such warrantless searches are clearly unreasonable. Hill v. State, 238 So.2d 608 (Fla. 1970); City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959).
Measured by these standards, the search and seizure in this case was reasonable. The Florida Marine Patrol officers lawfully boarded the defendants' boat for the purpose of checking the boat's registration and crawfish permit. Upon boarding the boat, both officers smelled a very strong odor which one of the officers knowledgeable in the drug area identified as that of marijuana. In our view, this gave the officers probable cause to search the boat for marijuana without a search warrant. See: Dixon v. State, 343 So.2d 1345, 1348 (Fla. 2d DCA 1977); State v. Boyle, 326 So.2d 225 (Fla. 2d DCA 1976); Mattson v. State, 328 So.2d 246, 248 (Fla. 1st DCA 1976); Berry v. State, 316 So.2d 72 (Fla. 1st DCA 1975); Porter v. State, 302 So.2d 481 (Fla. 3d DCA 1974). It was impracticable to require the officers to procure a search warrant in view of the fact that the boat was mobile and capable of being moved from the jurisdiction before a search warrant could be obtained. Accordingly, the trial court was eminently correct in denying the motion to suppress.
We have considered the other contentions raised by the appellants on this appeal and find them to be without merit. The judgments of conviction and sentences herein are affirmed.
Affirmed.
NOTES
[1] Sections 893.13(1)(d) and (e), Florida Statutes (1975).
[2] "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S.Const. amend. IV. "[N]or shall any State deprive any person of life, liberty, or property, without due process of law ..." U.S.Const. Amend. XIV, § 1.
[3] "The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence." Art. 1, § 12, Fla. Const.