355 So.2d 138 (1978)
Edward J. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 77-432.
District Court of Appeal of Florida, Third District.
January 31, 1978.
Rehearing Denied March 6, 1978.
*139 Tobias Simon and Theodore L. Tripp, Jr., Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Ronald A. Dion, Asst. Atty. Gen., for appellee.
Before HUBBART and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HUBBART, Judge.
This is an appeal from a criminal conviction for unlawful possession of marijuana based upon a nolo contendere plea entered before the Dade County Circuit Court. The controlling issue presented for appeal is whether the denial of a pre-trial motion to suppress which raises solely a question of a law may be specifically preserved for appeal by the defendant upon the entry of a nolo contendere plea in a criminal case. We hold that the denial of such a pre-trial motion may be so preserved for appellate review if acceptable to the court only where the record clearly shows that the state's case could not succeed without use of the evidence sought to be suppressed. Accordingly, we affirm.
The defendant Edward J. Brown was charged by information with unlawful possession of marijuana as a felony before the Dade County Circuit Court. The defendant entered a plea of not guilty and filed a pre-trial motion to suppress his confession given to the police. No motion to suppress the marijuana with which the defendant was charged with unlawfully possessing was ever filed. Upon stipulation of the parties, the trial court considered a series of pre-trial discovery depositions taken by the defendant as the sole testimony offered by both parties on the motion to suppress. There is no showing in the record that this deposition testimony represented the full extent of the state's case against the defendant.
The deposition testimony revealed that certain marijuana was seized by the police from a motel room which the defendant had registered for and rented. The defendant was subsequently arrested upon return to the room after making an unsuccessful attempt to flee from the police. Other people were also present in the motel room at the time of the marijuana seizure and they too were arrested.
The trial court denied the motion to suppress after reviewing the above depositions and hearing argument of counsel. The defendant thereupon changed his plea of not guilty to a plea of nolo contendere to the information as charged upon the condition that he be allowed to seek appellate review of the denial of the motion to suppress. The trial court accepted the plea as so conditioned, withheld adjudication of guilt and placed the defendant on two years probation. The defendant now appeals his conviction to this court and assigns as error the denial of the motion to suppress.
The law is well-settled that the defendant cannot appeal a pre-trial order denying a motion to suppress in a criminal case. Mitchell v. State, 282 So.2d 648 (Fla.2d DCA 1973). Under very narrow circumstances, however, he may enter a nolo contendere plea after the denial of a pre-trial motion to suppress on the specifically stated condition that he is preserving for appeal the denial of the motion to suppress  providing the record clearly shows that the state's case against the accused could not succeed without use of the evidence sought to be suppressed. If this conditional nolo contendere plea is acceptable to the court and the question preserved is one of law as opposed to fact, the defendant may appeal the judgment of conviction and sentence and properly assign as error the denial of the motion to suppress. If the appeal is successful for the defendant, the judgment of conviction is reversed with directions to afford the defendant an opportunity to withdraw his nolo contendere plea. State v. Ashby, 245 So.2d 225, 228 (Fla. 1971); Nast v. State, 333 So.2d 103 (Fla.2d DCA 1976); Tiller v. State, 330 So.2d 792 (Fla.1st DCA 1976); Stanley v. *140 State, 327 So.2d 243 (Fla.2d DCA 1976); Wallace v. State, 321 So.2d 97 (Fla.4th DCA 1975); Perry v. State, 296 So.2d 505 (Fla.3d DCA 1974); Jackson v. State, 294 So.2d 114 (Fla.4th DCA 1974).
There is one essential limitation to the Ashby nolo rule applicable herein and that is the rule cannot be used by a defendant when the legal question on which he seeks appellate review is not dispositive of the case. With regard to a motion to suppress, the record at the time of the tender of the plea of nolo contendere must clearly show that the state's case against the accused cannot succeed without use of the evidence sought to be suppressed. Gibbs v. State, 344 So.2d 621 (Fla.3d DCA 1977); Tiller v. State, 330 So.2d 792, 793 (Fla.1st DCA 1976).
It is clear that where the defendant is charged with unlawfully possessing the evidence he seeks to suppress, the state's case against the accused cannot succeed without use of the evidence sought to be suppressed. A different case is presented, however, where the defendant seeks to suppress a confession which may or may not be essential to the state's case. In such cases, it is incumbent upon the defendant to establish that the state's case could not succeed without use of the confession which the defendant seeks to suppress. To hold otherwise would be to sanction in effect interlocutory appeals in criminal cases upon the entry of nolo contendere pleas, a practice not approved by the Florida Rules of Criminal Procedure.
In the instant case, the record fails to clearly show that the state's case against the defendant could not succeed without use of the confession sought to be suppressed. There is no showing that the evidence and testimony contained in the pre-trial discovery depositions used on the motion to suppress constitutes the sum and substance of the state's case in chief against the defendant. Even with the depositions which were reviewed by the trial court solely on the motion to suppress, it is clear that the defendant had registered for and rented the room where the marijuana was located and subsequently fled from the motel room upon his discovery that the police were there waiting to arrest him. To say the least, this constitutes highly incriminating evidence in support of the instant charge notwithstanding the presence of other people in the motel room in question. In the absence of a clear showing by the defendant at the time of the hearing on the motion to suppress that the state's case could not succeed without use of the defendant's confession, we cannot presume same to be the case and are not disposed to entertain the defendant's appeal herein.
Sound policy reasons support the result reached in this case. The Ashby nolo rule is not the criminal counterpart of the civil interlocutory appeal rule. The purpose of the Ashby rule is to expedite criminal litigation by permitting defendants to plead nolo contendere while preserving a legal question for appeal only where the question is entirely dispositive of the case. That purpose is thwarted when a defendant is permitted to appeal pre-trial rulings of a trial court which are in no way dispositive of the case. Instead of expediting criminal litigation, such a procedure unnecessarily prolongs such cases.
We have no alternative but to affirm the conviction herein because the sole question raised by the defendant's assignment of error is not properly before us.
Affirmed.