SMITH, Acting Chief Judge,
concurring in part and dissenting in part:
I agree that appellant’s motion to suppress the evidence of possession of methyl-phenidate, a controlled substance, should have been granted. There being no other evidence of appellant’s guilt on that count, he must be discharged. Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976); Brown v. State, 355 So.2d 138 (Fla. 3d DCA 1978). I disagree with the court’s conclusion that the trial court should also have suppressed the evidence that appellant was in possession of less than five grams of cannabis.
Appellant was driving an automobile, bearing one additional passenger, on a well-lit Pensacola street at about 10:30 at night. Officers in another vehicle observed appellant holding a hand-rolled cigarette to his lips by the tips of his fingers. The burning end of the cigarette glowed in a way the officer testified is characteristic of marijuana:
[I]f an individual is smoking marijuana, it has "a strange type of glow to it, more or less sort of an orangish type glow rather than a burn when an individual is puffing on it; and when the individual stops, it kind of lingers there sort of like a piece of ash, kind of burning out rather than the normal cigarette that would just normally not burn ..I have observed this on a number of occasions through binoculars and up close and firsthand experience with this sort of thing and right beside a person.
When the officers stopped appellant’s automobile and asked him and his passenger to exit, a strong marijuana aroma emanated from inside the automobile. Appellant was formally arrested and his passenger was “taken into custody.” Appellant’s vehicle was driven by an officer to the police station, where appellant’s passenger was released, appellant was charged, and the automobile was searched.
In my view the initial and limited detention of appellant and his automobile was entirely lawful, based as it was on the officers’ observations which gave rise to a founded suspicion that appellant was in possession of and was smoking a misdemeanor quantity of marijuana. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Section 901.151, Florida Statutes (1977). Contrast Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977). When the officers’ suspicions were confirmed by smelling marijuana smoke, they had probable cause to arrest appellant for the possession they had observed. The majority appear to have disregarded the officers’ testimony concerning the characteristic burning of a marijuana cigarette, and evidently have equated the initial detention with an arrest for which probable cause would be required.
Defending the seizure and subsequent search of appellant’s automobile, the state does not here contend that appellant’s pos *812 session of a single marijuana cigarette gave the officers probable cause to believe that the automobile contained other contraband. Any such contention would in my view be unfounded. Hill v. State, 238 So.2d 608 (Fla.1970). Contrast Miranda v. State, 354 So.2d 411 (Fla. 3d DCA 1978). The state urges, instead, that the seizure was a necessary impoundment for the safety of the automobile or for other motor traffic; and that the consequent search, revealing me-thylphenidate, was but an inventory of property lawfully taken into the state’s care.
The state offered no evidence that im-poundment was reasonably necessary under the circumstances. It may be debated whether the officers were affirmatively required as a matter of law to consult appellant at the scene concerning the disposition of his automobile. Compare Chuze v. State, 330 So.2d 166 (Fla. 4th DCA 1976), with State v. Dearden, 347 So.2d 462 (Fla. 2d DCA 1977). But their failure to consult the apparent owner bears as evidence on the issue of whether the impoundment was for the lawful protection of the vehicle or the traveling public, or was instead a pretext for search. No testimony was given by the officers explaining why the vehicle could not be left lawfully parked, or why appellant’s passenger, whose custodial detention was unexplained and unjustified, could not be entrusted with the vehicle. The officers appear to have been following a general routine of seizing and searching all vehicles in which the driver has committed an offense. That practice has no sanction in the law. Benton v. State, 329 So.2d 385 (Fla. 1st DCA 1976).
I therefore agree that appellant’s conviction on count two must be reversed, and would discharge him; and I would reverse and remand for a corrective judgment on count one.