368 So.2d 58 (1979)
Jack EVANS and William Marshall Long, Appellants,
v.
STATE of Florida, Appellee.
Nos. KK-147, KK-155.
District Court of Appeal of Florida, First District.
February 9, 1979.
Rehearing Denied March 22, 1979.
John L. Sutton, Jr., Plantation, for appellants in No. KK-147.
George E. Goldstein and Brian T. Hayes, Monticello, for appellants in both cases.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellants entered pleas of nolo contendere to possession or conspiracy to possess more than 100 pounds of cannabis, while expressly reserving their right to appeal the denial of their motion to suppress. They argue that even though the searching officers may have had probable cause to conduct a warrantless search of their vehicle, conducted immediately after the automobile was stopped and appellants were arrested, since there existed ample opportunity for the officers to have obtained a search warrant before the seizure, the marijuana was illegally obtained. They argue also that the prior taint of the vehicle's warrantless search affected the later search by warrant of their house in which additional marijuana was seized.
Appellants rely primarily upon United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), in which the United States Supreme Court held that despite the existence of probable cause to believe marijuana was contained in defendant's footlocker, which had been shipped by train from San Diego to Boston, the warrantless search of the footlocker, conducted at a federal building an hour and a half after it had been taken by government agents from the open trunk of a parked automobile at the train station, was illegal because, in the absence of any exigent circumstances supporting the need for an immediate search, the persons had a reasonable expectation of privacy to contents within their personal luggage.
We conclude that the facts in Chadwick are sufficiently distinguishable from those involved here. In Chadwick, the vehicle searched had not been in movement; as a result the Supreme Court took special pains to note that the footlocker's brief contact with the vehicle made inapplicable principles controlling warrantless searches carried out after moving vehicles had been stopped. The Court specifically distinguished the case from Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d *59 419 (1970), which had sustained a warrantless search of an automobile at the station house after officers had probable cause to, and did, arrest the vehicle's occupants. More importantly, the focal point of Chadwick was that defendants, by placing their personal effects within a footlocker, had manifested an expectation that their contents would be free from public examination. The Court analogized the situation to the similar expectation of privacy of one who locks the doors of his home against possible intruders.
The marijuana involved here was loaded not into appellants' luggage, but rather was placed in garbage bags  a method, one officer testified, which was consistent with the practice, common among dealers in narcotics, of packaging large quantities of marijuana. We conclude that appellants' actions failed to show a similar manifestation of privacy as were those shown in Chadwick since here one could reasonably infer from the facts, i.e., the large amount of marijuana seized and the way it was packaged, that the marijuana was intended not for appellants' personal use but rather for resale. Compare Mahoney v. State, 300 So.2d 743 (Fla. 1st DCA 1974).
There being no error in the court's denial of the motion to suppress both the evidence taken from the vehicle and the house, the convictions are
AFFIRMED.
MILLS, Acting C.J., and BOOTH, J., concur.