KEHOE, Judge.
Appellant, the prosecution below, brings this appeal from an order entered by the trial court suppressing certain evidence obtained pursuant to a warrantless search. We reverse.
The pertinent facts in this case may be summarized as follows: Two persons committed an armed robbery at a Pantry Pride supermarket in South Miami. After committing the robbery, they entered an automobile and fled to a parking lot in a Northwest Miami apartment complex which *67 was approximately 20 miles away. Two of the victims of the robbery got into their automobile and followed the robbers all the way to the parking lot. The victims never lost sight of the robbers’ car.
When the robbers’ car entered the apartment complex and stopped, the pursuers parked their car, went into a nearby service station, and called the police. Upon the arrival of the police, the victims told the police what had happened, led them to the parking lot, and pointed out the robbers’ car. During this time, the whereabouts of the robbers was unknown. At this point, the police searched the robbers’ car and seized $3000 in cash and a firearm. During this search of the car the police found a wallet resting on the visor. From a photograph appearing on a driver’s license in the wallet, the police were able to ascertain that the person shown in the photograph stayed in apartment number 24 of the complex. The police went immediately to apartment 24, knocked, and announced “police.” A woman opened the door, said that she was not dressed, and backed into the apartment followed by the police. The police found appellee Jackson, whose picture appeared on the driver’s license, hiding under a bed. The police then continued their search for the other robber who was not found in the apartment. However, they did see, in plain view, on top of a dresser, a driver’s license containing the photograph of appellee Smith. Appellee Smith was identified at a photograph line-up, and thereafter, arrested. Subsequently, appel-lees filed motions to suppress the evidence. The trial court granted these motions and entered an order suppressing all the evidence because there was no search warrant issued for the original search of the car. From this order of suppression, appellant appeals.
Appellant contends, basically, that the evidence seized was in plain view and that the search which led to its discovery was not unreasonable; therefore, the trial court erred in granting appellees’ motions to suppress.[1]
Our discussion of the law applicable to the facts of the instant ease has been greatly simplified by our Legislature’s adoption of Section 933.19, Florida Statutes (1977) which provides for the search and seizure of vehicles. This Section provides as follows:
“(1) The provisions of the opinion rendered by the supreme court of the United States on March 2, 1925, in that certain cause wherein George Carroll and John Kiro were plaintiffs in error and the United States was defendant in error, reported in 267 United States Reports, beginning at page 132, relative searches and seizures of vehicles carrying contraband or illegal intoxicating liquors or merchandise, and construing the fourth amendment to the constitution of the United States, are adopted as the statute law of the state applicable to searches and seizures under § 12, Art I of the state constitution, when searches and seizures shall be made by any duly authorized and constituted bonded officer of this state exercising police authority in the enforcement of any law of the state relative to the unlawful transportation or hauling of intoxicating liquors or other contraband or illegal drugs or merchandise prohibited or made unlawful or contraband by the laws of the state.
“(2) The same rules as to admissibility of evidence and liability of officers for illegal or unreasonable searches and seizures as were laid down in said case by the supreme court of the United States shall apply to and govern the rights, duties and liabilities of officers and citizens in the state under the provisions of the Florida constitution relating to searches and seizures.
“(3) All points of law decided in the aforesaid case relating to the construction or interpretation of the provisions of the constitution of the United States relative *68 to searches and seizures of vehicles carrying contraband or illegal intoxicating liquors or merchandise shall be taken to be the law of the state enacted by the legislature to govern and control such subject.”
In Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the United States Supreme Court stated that:
“ . . . the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motorboat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.
“Having thus established that contraband goods concealed and illegally transported in an automobile or other vehicle may be searched for without a warrant, we come now to consider under what circumstances such search may be made.” 267 U.S. at 153, 45 S.Ct. at 284, 69 L.Ed. at 551.
The Court went on to state:
“ . . . those lawfully within the country, entitled to use the public highways, have a right to free passage without interruption or search unless there is known to a competent official, authorized to search, probable cause for believing that their vehicles are carrying contraband or illegal merchandise.”
Our courts, in discussing the probable cause requirement incorporated into Section 933.19, Florida Statutes (1977), have stated, for example, as follows in Beck v. State, 181 So.2d 659 (Fla. 2d DCA 1966):
“The prerequisite for search of a vehicle, not incidental to an arrest, is the officer’s ‘probable cause’ to believe the vehicle contains stolen or illicit merchandise. Cuozzo v. United States, 5th Cir. 1963, 325 F.2d 274. Probable cause can be defined as, ‘where the facts or reasonable inferences deductible therefrom should lead a reasonably prudent and intelligent person to conclude that the law is being [or was] violated.’ Pearson v. United States, 10th Cir. 1945, 150 F.2d 219, 220.
“We must examine the record to determine whether the officers who made the search of the automobile had ‘probable cause’ to believe that appellant’s automobile was the same car that assisted the robber’s ‘get-away’ in order to determine if it contained the articles involved in the robbery.” Id. at 660.
In Miranda v. State, 354 So.2d 411 (Fla. 3d DCA 1978), Judge Hubbart writing for the majority stated:
“ . . . such authority, however, does not carry with it the right to conduct a general exploratory search of the boat or automobile for evidence of crime. In the absence of probable cause or some other recognized exception to the search warrant rule, such warrantless searches are clearly unreasonable.” Id. at 414.
In cases such as this one, the opportunity to search is fleeting because the automobile is readily movable, the occupants may be alerted, and the car’s contents may never be found again if a warrant must be obtained. Under these circumstances, if an effective search is to be made at any time, either the search must be made immediately without a warrant or the car itself must be seized and held without a warrant for whatever period is necessary to obtain a warrant for the search. This dilemma and the rationale for its solution were stated by the United States Supreme Court in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1969), as follows:
“Arguably, because of the preference for a magistrate’s judgment, only the immobilization of the car should be permitted until a search warrant is obtained; arguably, only the ‘lesser’ intrusion is permissible until the magistrate authorizes the ‘greater’ and which the ‘lesser’ intrusion is itself a debatable question and the *69 answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.” 399 U.S. at 51, 90 S.Ct. at 1981, 26 L.Ed.2d at 428.
We note that, in the instant case, the trial court stated in its order of suppression “[t]hat although probable cause may have existed at the time . . . ” of the search, it went on to find the search illegal. In our opinion, the record clearly shows that the police did have probable cause to search the robbers’ car. Because the police did have probable cause to search the car and because of the application of Section 933.19, Florida Statutes (1977), we believe that the search and seizure in this case was reasonable and that the trial court erred in granting appellees’ motions to suppress. Further, we believe that this result is well within the dictates of both the Florida cases and United States Supreme Court cases setting forth the parameters for warrantless searches of movable vehicles. Accordingly, the order appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.

. We note that, in the light of Rakas v. State, - U.S. -, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the question of standing has not been raised herein; however, for the sake of judicial economy, because we have determined that the search was legal, it is unnecessary for us to consider the question.