PER CURIAM.
These appeals have been consolidated for appellate disposition because they grow out of the same factual situation. Chic Eder and James Eaton Staples appeal a judgment finding them guilty of possession of over one hundred pounds of marijuana, entered upon their plea of nolo contendere, reserving their right to appeal the trial court’s order denying their motions to suppress evidence of the marijuana, which was found in a truck and over which they were alleged to have had knowledge and control. The defendant Luis Hernandez appeals a judgment finding him guilty of the same crime. Hernandez was tried before a jury and found guilty.
Each of the defendants has a point urging error upon the trial court’s denial of defendants’ motion to suppress. For the determination of this question, it is necessary briefly to present the facts as revealed by the record. These facts will be set out in the light most favorable to the order of the trial judge. See Ponder v. State, 323 So.2d 296 (Fla.3d DCA 1975); and Rodriguez v. State, 189 So.2d 656 (Fla.3d DCA 1966).
Two police officers received a radio dispatch that an unidentified caller saw several men unloading bales from a boat at night in the Miami River. When the officers saw nothing in the area, they radioed for more information and were given the location of the caller. They contacted the caller, who gave them no further information other than pointing to the general location of the activity he allegedly saw. The officers proceeded to the private property involved. It was an area where lobsters and fishing boats frequently unload. The officers parked their car so as to block ingress and egress to and from the lot. With firearms drawn, they entered the property, saw a truck and heard a rustling noise in the surrounding bushes. Defendant Eder was seen near a moored boat backing into the water. As the officer approached him, Eder began to swim away. The officer returned to the back of the truck, looked *77 inside through the rear door and saw bales of an unidentified substance enclosed in opaque material. One officer observed what he believed to be marijuana on the loading platform of the truck and thereafter cut open one bale to find a substance he recognized as marijuana.
Another police officer later spotted three heads bobbing in the river, one of whom he identified as Hernandez. Hernandez was not wearing a shirt, but a shirt was found aboard the boat on which the marijuana was seized. The officers seized the marijuana in the truck and on the boat.
We hold that the evidence is sufficient to show a probable cause to search the area and the truck which contained the contraband. We further hold that there was adequate, legally-sufficient evidence to withstand defendant Hernandez’s motion for judgment of acquittal in that the evidence viewed in the light most favorable to the State shows a prima facie case. See Everett v. State, 339 So.2d 704 (Fla.3d DCA 1976).
Defendant Hernandez urges, in addition to his claim that the evidence was insufficient, that he should be granted a new trial because a state requested instruction given by the court tended to place the burden on him of disproving his own guilt. We have examined the instruction to which objection was made and hold that it was properly given. See Selph v. State, 22 Fla. 537 (1886); and U. S. v. Llamas, 280 F.2d 392 (2d Cir. 1960).
Having examined the contentions of each appellant in the light of this record and finding no error, the judgments and sentences are affirmed.
Affirmed.