373 So.2d 400 (1979)
Kenneth David WEBB a/K/a Jeffrey Bruce Special, Appellant,
v.
STATE of Florida, Appellee.
No. MM-195.
District Court of Appeal of Florida, First District.
July 24, 1979.
Selig I. Goldin of Goldin & Cates, Gainesville, for appellant.
Jim Smith, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
*401 LARRY G. SMITH, Judge.
Appellant appeals his judgment of conviction for unlawful possession of more than 100 pounds of marijuana with intent to deliver or distribute, based upon his plea of nolo contendere in which he reserved the right to appeal the trial court's denial of his motion to suppress.
Appellant's automobile was stopped by arresting officers who found 300 pounds of marijuana in the trunk. Appellant was placed under arrest, his vehicle was impounded and taken to the police compound, and without obtaining a search warrant the officers seized and opened a brown paper bag inside the vehicle which was found to contain about one-half pound of marijuana, and a briefcase inside the vehicle was also opened and a passport and several thousand dollars in cash were found inside it. A search warrant for search of the vehicle, which was obtained subsequent to the search of the trunk, briefcase and paper bag, has no bearing upon the admissibility of the evidence already found in them.
Appellant contends on appeal that there was no probable cause for the stopping of the automobile; hence, the warrantless search was invalid and his motion to suppress all contraband found within it should have been granted by the trial judge. He further argues that even assuming the validity of the automobile search, there was no exigent circumstances demonstrated that would justify the warrantless search of the briefcase and the paper bag which were within the vehicle.
On the first issue, the existence of probable cause for the stopping and search of the vehicle, appellant presents for appellate review a point which would be dispositive of the case. Brown v. State (Fla. Supreme Court Case No. 53,782, opinion filed June 14, 1979). We agree with appellant that if the stopping of the automobile and the search and seizure of the marijuana in the trunk were held to be without probable cause and in violation of the Fourth Amendment proscription against unreasonable searches, his conviction would have to be reversed.
The facts surrounding seizure of the automobile and its contents are briefly as follows: Employees at the Delta Air Lines Terminal in Orlando noticed that a package remained at the terminal for an unusually long period of time. Being curious, they opened the package and observed that it contained $51,000.00 in cash. An individual who identified himself as Wilson telephoned from a Gainesville telephone advising that he would fly in on a chartered plane from Gainesville that day to pick up the package. Sgt. Eckert, who had eight years experience in narcotics investigation, was alerted to this situation. He checked the Gainesville telephone number and discovered it was that of Ramada Inn room 236. He further determined that that room was registered to Kenneth Webb (appellant, who was later identified by his correct name  Jeffrey Bruce Special), address 1830 Dixieanna Street, Hollywood, Florida, and that Webb owned a Chevrolet Impala with Florida tag ABG 764. Cruising the motel parking lot, Eckert observed a Chevrolet Impala with license tag number BGX 764. He also determined that a telephone call had been made from room 236 to an aviation center which was known to have been the scene of outfitting aircraft for marijuana traffic. Through inquiry, Eckert learned that an individual named Stephen Wilson had charted a plane to Orlando. He further determined by checking with Hollywood authorities that Kenneth David Webb (Jeffrey Bruce Special) was a suspected narcotics violator. Law enforcement officers thereafter set up a surveillance to watch for return of the airplane which had been chartered for the Orlando flight. When it landed, two individuals were seen entering the Chevrolet Impala Eckert had observed at the Ramada Inn, and this vehicle was followed by the officers to the Ramada Inn where the individuals entered room 236. Thereafter, appellant was observed entering the automobile whereupon he was followed by the officers. After a stop at a house in Gainesville where another person entered the car, officers followed it to a residence in Gilchrist County. Through binoculars, Eckert observed several bales *402 wrapped in brown burlap and black plastic being loaded into the trunk. Eckert could recognize these as being similar in size and appearance to bales of marijuana he had seen many times before. The officers followed the vehicle back into Alachua County where it was then stopped. Sgt. Eckert, without consent of appellant, obtained the keys to the vehicle and opened the trunk. He detected the odor of marijuana, observed one bale slightly torn so that he was able to remove some of the leafy substance which he observed to be marijuana. Appellant was placed under arrest and the vehicle was impounded and taken to the police station where the additional search yielded the briefcase containing the passport and several thousand dollars in cash, and the brown paper bag containing one-half pound of marijuana.
As for the stopping of the automobile and search of the trunk we find that the evidence amply justifies the existence of probable cause on the part of the officer to believe that the vehicle contained contraband so that the motion to suppress the evidence seized from the trunk was properly denied. See Hernandez v. State, 369 So.2d 76 (Fla.3rd DCA 1979); Mahoney v. State, 300 So.2d 743 (Fla. 1st DCA 1974); United States v. Marshall, 452 F. Supp. 1282 (S.D.Fla. 1978); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); State v. Jackson, 368 So.2d 66 (Fla. 3rd DCA 1979).
On the second issue, that of the alleged error in seizure of the briefcase and brown paper bag, we are compelled to hold on procedural grounds that the matter is not one properly reserved for appellate review incident to a plea of nolo contendere, since on the record before us it cannot be said that a ruling on that issue would be dispositive of the controversy. Brown v. State, supra; Brown v. State, 355 So.2d 138 (Fla.3rd DCA 1978); Tiller v. State, 330 So.2d 792 (Fla. 1st DCA 1976).
In Brown v. State, 355 So.2d 138 (Fla. 3rd DCA 1976), decision approved Brown v. State (Fla. Supreme Court Case No. 53,782, opinion filed June 14, 1979), the court held that an essential limitation to the rule allowing reservation of right to appeal a question of law upon entry of a plea of nolo contendere is that the rule cannot be used when the legal question upon which defendant seeks appellate review is not dispositive of the case.
"... With regard to a motion to suppress, the record at the time of the tender of the plea of nolo contendere must clearly show that the state's case against the accused cannot succeed without use of the evidence sought to be suppressed. Gibbs v. State, 344 So.2d 621 (Fla.3rd DCA 1977); Tiller v. State, 330 So.2d 792, 793 (Fla.1st DCA (1976)." (Brown v. State, opinion page 140)
In an earlier decision of this court, Tiller v. State, supra, we considered a Fourth Amendment question under circumstances somewhat similar to those presented in the case sub judice. Tiller appealed from an order denying his motion to suppress marijuana seized by officers in a search of his wrecked vehicle. He made no motion to suppress as evidence other marijuana found by officers at the wreck scene in circumstances permitting an inference that Tiller possessed that marijuana in the automobile before the wreck. The record before the court contained no representation by the state which would permit a finding that Tiller's prosecution was predicated entirely on the fruits of the illegal search of the wrecked vehicle. The conviction, since it could be sustained upon the evidence of Tiller's possession of marijuana not subject to suppression, was sustained.
Under the rationale of the foregoing cases even if we agree with appellant that the evidence seized from the briefcase, or the paper bag, or both, should have been suppressed, there is nothing in the record of this case that would show that the state's case against appellant could not succeed without the use of this evidence.
We have already upheld the seizure of 300 pounds of marijuana found in the trunk, and we note that it has been held *403 that possession of a large quantity of marijuana in itself is sufficient to justify the inference that it was being held for distribution or resale, rather than for personal use. Evans v. State, 368 So.2d 58, 59 (Fla. 1st DCA 1979).
We are inclined to agree with appellant's contention that search of the briefcase inside the car was unlawful without a warrant. United States v. Chadwick, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) held that a locked footlocker could not lawfully be searched without a warrant, even though it had been loaded into the trunk of an automobile parked at a curb. Arkansas v. Sanders, ___ U.S. ___, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), has resolved any doubt as to the application of Chadwick by holding that in the absence of exigent circumstances, police are required to obtain a warrant before searching luggage taken from an automobile properly stopped and searched for contraband. We observe, however, that one may not apply the same ruling to the seizure and search of the brown paper bag, there being arguable differences between the reasonable expectation of privacy one might attach to a paper bag as opposed to a briefcase or luggage of some type. Whereas "luggage is a common repository for one's personal effects, and therefore is inevitably associated with the expectation of privacy", Arkansas v. Sanders, supra, the same does not necessarily hold true to brown paper bags. Cf. Evans v. State, supra.
However, because in our view the matter of admissibility of the contents of the briefcase, standing alone, is not shown to have been a matter which would be dispositive of the case, we do not feel compelled to issue a ruling upon the validity of the search of the briefcase and the paper bag, and hold that defendant's conviction must be affirmed on the basis of our conclusion with respect to the marijuana found in the trunk of the car.
The judgment appealed from is accordingly affirmed.
McCORD, Acting C.J., and BOOTH, J., concur.