375 So.2d 1094 (1979)
Haywood LILES, Appellant,
v.
STATE of Florida, Appellee.
No. MM-59.
District Court of Appeal of Florida, First District.
September 18, 1979.
Rehearing Denied November 6, 1979.
*1095 Clifford L. Davis, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant pled nolo contendere to possession of phenmetrazine, a controlled substance. Having reserved his right to appeal, he asserts that the trial court erred in (1) denying his motion to suppress evidence, and (2) denying his motion to withdraw his plea. We need not rule on his second point; we reverse because the motion to suppress should have been granted.
Two individuals attempted to pass a forged prescription at a Tallahassee pharmacy. Pursuant to a radio dispatch to be on the lookout for a described truck, one of whose occupants was also described, a Leon County Sheriff's Deputy stopped appellant and a companion. When the officer approached the truck, one of its occupants stepped out and a paper fell to the ground. The paper proved to be prescriptions in a woman's name. The deputy also spotted the remains of a marijuana cigarette on the truck's dashboard. Appellant and his companion were arrested and placed in the police vehicle. At this time, the deputy noticed a partially opened leather or vinyl satchel in the front seat of the truck, but its contents were not visible.
The deputy did not examine the satchel. Instead, he took the suspects to the pharmacy in his police vehicle, and had another deputy drive the suspects' truck to the pharmacy's parking lot. The pharmacist identified the two, at which point the police impounded their vehicle in the parking lot and made what they called an inventory of the truck's contents without obtaining a search warrant or consent to do so.
The satchel contained, among other things, some pills later determined to be phenmetrazine. The question before us is whether or not the police had the right to search appellant's satchel. We hold they did not. Arkansas v. Sanders, ___ U.S. ___, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979).
In Sanders, the police, acting upon a tip, stopped a taxicab in which respondent was a passenger. They requested the taxi driver to open the trunk, and without asking permission of respondent or his companion, the police opened an unlocked suitcase *1096 found in the trunk. The police had probable cause to believe the suitcase contained marijuana, and it did.
The court did not question the propriety of seizing Sanders' suitcase, nor do we with regard to Liles' satchel. There was probable cause in both cases. But in the instant case and in Sanders the police could have taken the suitcase to the police station and obtained a search warrant:
Here, as in [United States v.] Chadwick [433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977)], the officers had seized the luggage and had it exclusively within their control at the time of the search. Consequently, "there was not the slightest danger that [the luggage] or its contents could have been removed before a valid search warrant could have been obtained." 99 S.Ct. 2592.
Appellant was under arrest and in the back seat of the police vehicle at the time of the search. There was no way he could have disposed of the satchel's contents. A wrecker was on the way, called by police, to tow the truck to the police station. In short, the satchel was in the custody of the police and appellant could not have gotten possession of it while police attempted to secure a search warrant.
Mr. Justice Burger's concurrence, at 2594-95, rejected the notion that Sanders involved the automobile exception to the search warrant requirement. For him, the luggage contained the contraband and an expectation of privacy attached to its contents, regardless of the fact that the luggage was in an automobile. Be that as it may, the majority opinion distinguished between luggage contained in a mobile vehicle, which may be seized, and luggage taken from a mobile vehicle, which may not be searched, unless some exception other than the automobile exception applies, without a warrant (at 2593):
A closed suitcase in the trunk of an automobile may be as mobile as the vehicle in which it rides. But as we noted in Chadwick, the exigency of mobility must be assessed at the point immediately before the search  after the police have seized the object to be searched and have it securely within their control... . Once police have seized a suitcase, as they did here, the extent of its mobility is in no way affected by the place from which it was taken. Accordingly as a general rule there is no greater need for warrantless searches of luggage taken from automobiles than of luggage taken from other places. (Citations omitted.)
Finally, we do not distinguish, so far as the expectation of privacy is concerned, between one's suitcase and one's satchel. Nor did the fact that appellant's satchel was partially opened obviate the warrant requirement in this case, because the satchel's contents nevertheless were not in plain view. See Sanders at 2593 n. 13. See also Webb v. State, 373 So.2d 400 (Fla. 1st DCA 1979); State v. Southwell, 369 So.2d 371 (Fla. 1st DCA 1979); and Haugland v. State, 374 So.2d 1026 (Fla. 3d DCA 1979).
REVERSED.
ERVIN, Acting C.J. and LARRY G. SMITH, J., concur.
BOOTH, J., dissents.