379 So.2d 143 (1980)
Edgar E. OLIVER, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-856.
District Court of Appeal of Florida, Third District.
January 15, 1980.
Edgar E. Oliver, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
The major issue raised by this appeal is whether the appellant, who failed to present or preserve any issue below with respect to a statute of limitations, can now assert the applicability of a statute of limitations for the crime for which he pleaded nolo contendere. We find that appellant is estopped to make such a claim. Oliver was originally charged with first degree murder, a capital offense having no statute of limitations. Thereafter appellant negotiated a plea with the state attorney; the trial court accepted his plea of nolo contendere to second degree murder. The appellee-state submits that the appellant, after having chosen to plead rather than stand trial on the original charge of first degree murder, cannot now rely upon Section 932.465(2), Florida Statutes (1973). The appellee asserts that Oliver is estopped from asserting a statute of limitations where, at the appellant's inducement, the trial court convicted him of second degree murder incident to his negotiated plea of nolo contendere. It is well settled that a defendant cannot initiate error and then seek reversal based on that error. Jackson v. State, 359 So.2d 1190 (Fla. 1978); King v. State, 373 So.2d 78 (Fla. 3d DCA 1979); Smith v. State, 345 So.2d 1080 *144 (Fla. 3d DCA 1977).[1] It would be wholly inconsistent for us to hold otherwise in the instant case; since the appellant caused and reaped the benefit of his negotiated plea; he cannot now change his position in an attempt to challenge the conviction on the grounds of a statute of limitations. Furthermore, the appellant neither presented the issue relating to the statute of limitations in the trial court nor preserved the issue for appeal when he pleaded nolo contendere. See, State v. Ashby, 355 So.2d 138 (Fla. 3d DCA 1978), and Brown v. State, 355 So.2d 138 (Fla. 3d DCA 1978).
The other points raised have been determined to be without merit.
The judgment of conviction is hereby affirmed.
Affirmed.
NOTES
[1] The Supreme Court of Florida denied certiorari, Smith v. State, 353 So.2d 662 (Fla. 1979).