602 So.2d 1316 (1992)
Jewell D. WEBER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1642.
District Court of Appeal of Florida, Fifth District.
July 2, 1992.
Rehearing Denied August 11, 1992.
*1317 James B. Gibson, Public Defender, and Lyle Hitchens, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
W. SHARP, Judge.
Weber was indicted for the first degree murder[1] of her husband, and a jury found her guilty of the lesser included offense of manslaughter with a firearm.[2] She argues she cannot be convicted and sentenced for manslaughter because the fatal shooting occurred in 1982, and she was not indicted until 1990. The applicable three-year statute of limitations[3] had run for manslaughter, although there is no statute of limitations for first degree murder.[4] She urges that the trial judge should have granted her motion to arrest judgment based on the statute of limitations. We disagree and affirm.
At the trial, the prosecutor, defense counsel and judge discussed whether the jury should be instructed on the full range of lesser included offenses, including second degree murder and manslaughter, and excusable and justifiable homicide. Defense counsel said "give it." The clear inference from the record was he agreed all the discussed instructions should be given.
In his closing argument to the jurors, defense counsel argued that if they were not convinced beyond a reasonable doubt that Weber shot her husband with a "premeditated design," they could find her guilty of a "lesser offense." He primarily argued they should find her not guilty because the shooting was accidental. The state argued solely for first degree murder.
The trial judge instructed the jury on first degree murder, second degree murder, manslaughter, and excusable and justifiable homicide. After the jury retired to deliberate, the judge asked both attorneys whether they had any objections to the instructions. The record indicates Weber was present in the courtroom with her defense counsel at that time. He corrected various grammatical (but not substantive) mistakes in the instructions on manslaughter and some others. He then approved the instructions, as did the prosecutor, and as corrected, they were apparently furnished to the jury.
There was no mention or suggestion by anyone that any of the lesser included offenses might be time-barred by the statute of limitations. Even when the jury came in with a manslaughter verdict, defense counsel said nothing about the statute of limitations. *1318 Not until approximately a week later was the problem with the statute of limitations put to the trial judge by defense counsel, in his motion to arrest judgment. The trial judge denied the motion on the ground that Weber had "waived" the statute of limitations defense.
This issue has not arisen in this context in any reported Florida appellate case that we have found. In Tucker v. State, 459 So.2d 306 (Fla. 1984), the defendant requested an instruction on lesser included offenses in a first degree murder trial. The trial judge refused to give any lesser-included offense instructions because everyone was aware that the statute of limitations had run on them. The jury found Tucker guilty of first degree murder. He argued on appeal that he had waived the statute of limitations defense by simply requesting an instruction on the lesser included offenses, and thus the trial judge erred by not giving the instruction.
The Florida Supreme Court in Tucker rejected that argument and concluded that no "effective waiver" of the statute of limitations defense had been made in that case. Thus, the trial court correctly refused to instruct on the lesser included offenses. The record in Tucker concerning the defendant's knowledge of and participation in the requested jury instructions was unclear, but the court found no voluntary and effective waiver. A mere request and nothing else, is an insufficient waiver. Tucker at 309.
However, the court in Tucker noted that if a defendant requests a time-barred lesser included offense instruction, and is convicted on such charge, he or she may be estopped from later challenging the conviction on statute of limitations grounds, citing Ray v. State, 403 So.2d 956 (Fla. 1981). Tucker at 309. In Ray, the issue was whether an appellate court could overturn a defendant's conviction for an offense which was not a lesser included offense of the crime for which he had been charged and tried, where defense counsel failed to object to the instruction. The court decided it is fundamental error (involving due process and basic fairness) to charge a person with one crime and convict that person of an entirely different crime. Thus, an objection at the trial level is not necessary to preserve the issue for appeal and ultimate reversal.
However, in Ray, the court said if the defense took affirmative acts either in seeking or acquiescing in the erroneous instruction, then failure to object at the trial level would be fatal to consideration of the error on appeal:
If Ray's counsel had requested the improper instruction; or had affirmatively relied on that charge as evidenced by argument to the jury or other affirmative action, we could uphold a finding of waiver absent an objection.
403 So.2d at 961.[5] The Ray court held it is not fundamental error to convict a defendant under an erroneous lesser included charge where the defendant had an opportunity to object and failed to do so, if (1) the improperly charged offense is lesser in degree than the main offense, or (2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Ray at 961.
In this case, defense counsel (in Weber's presence) accepted and approved the lesser included manslaughter instruction, which was given to the jury. He also briefly argued it to the jury in his closing argument, by telling the jurors they could return a verdict based on one of the lesser offenses. Not once did defense counsel object to the instructions, based on the statute of limitations, nor did he apprise the trial judge the instructions should not be given because he, on behalf of his client, had not waived the statute of limitations defense. The facts of this case are close to those discussed in Ray which would establish a waiver.
To allow Weber to now successfully raise the statute of limitations defense would reduce the criminal justice system to *1319 a game of "check" and "checkmate" or "heads I win, tails you lose." Trial judges hearing first degree murder cases (particularly) must accord the defendant "a constitutionally fair trial," which includes an instruction on lesser included offenses[6] unless the lesser crimes are time barred and the defendant expressly refuses to waive the statute of limitations.[7] Had the trial court not given the instruction on the lesser included offenses and had the jury returned a first degree murder verdict, Weber would have had a strong case for reversal under Beck and Spaziano and a possible argument under Tucker.
But even more troublesome to us is the problem of invited error. Defense counsel should not be allowed to sandbag the trial judge by requesting and approving an instruction they know or should know will result in an automatic reversal, if given. Armstrong v. State, 579 So.2d 734 (Fla. 1991). After a guilty verdict has been returned based on the requested instruction, defense counsel cannot be allowed to change legal positions in midstream and seek a reversal based on that error. Principles of estoppel,[8] waiver,[9] and invited error,[10] forestall the possible success of such a ruse.
AFFIRMED.
GRIFFIN and DIAMANTIS, JJ., concur.
NOTES
[1] § 782.04, Fla. Stat. (1981).
[2] § 782.07, Fla. Stat. (1981).
[3] Manslaughter is a second degree felony. § 782.07. "A prosecution for any other felony (other than a first degree felony) must be commenced within 3 years after it is committed." § 775.15(2)(b), Fla. Stat. (1981).
[4] First degree murder is a capital felony. § 782.04. "A prosecution for a capital ... felony may be commenced at any time." § 775.15(1), Fla. Stat. (1981).
[5] It also cited to numerous holdings that instructing on a crime not charged is not necessarily reversible error. Ray v. State, 403 So.2d 956, 960-961 (Fla. 1981) and cases cited therein.
[6] Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).
[7] Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984).
[8] Tucker v. State, 459 So.2d 306 (Fla. 1984); Oliver v. State, 379 So.2d 143 (Fla. 3d DCA 1980).
[9] Ray v. State, 403 So.2d 956 (Fla. 1981).
[10] Armstrong v. State, 579 So.2d 734 (Fla. 1991); Jackson v. State, 359 So.2d 1190 (Fla. 1978), cert. denied, 439 U.S. 1102, 99 S.Ct. 881, 59 L.Ed.2d 63 (1979).