IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DEREK JAMAL FLOWERS,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0496

Opinion filed November 6, 2014.

An appeal from the Circuit Court for Duval County.
J. Bradford Stetson, Judge.

Nancy A. Daniels, Public Defender, and Glenna Joyce Reeves, Assistant Public
Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Trisha Meggs Pate, Assistant Attorney
General, Tallahassee, for Appellee.


CLARK, J.

 Beware what you ask for.  Here, defense counsel requested a jury instruction
on a lesser included charge. Mr. Flowers was then convicted on that lesser included
charge, and Mr. Flowers now seeks to be released without the possibility of retrial
because the lesser included charge his attorney requested was time-barred.  The
invited error doctrine precludes such a "heads I win, tails you lose" game.

The State initially charged Mr. Flowers with robbery, aggravated fleeing, and kidnapping. Defense counsel successfully argued that the robbery and aggravated fleeing charges were time-barred. The kidnapping charge survived; and the State proceeded to trial on the kidnapping charge. At the charge conference, defense counsel requested a jury instruction on false imprisonment—a lesser included charge of kidnapping. The court obliged. And the jury returned a verdict of guilty as to false imprisonment.

After the verdict was in, the jury dismissed, and the court adjourned, the court recalled both attorneys to the courthouse to discuss a potential statute of limitations issue. It was there the court raised the issue of whether the conviction for false imprisonment, a third-degree felony, was time-barred, as were the other counts the court had previously dismissed. See §§ 787.02(2), 775.17(2)(b), Fla. Stat. (mandating commencement of prosecution for third-degree felony within three years). Ultimately, the court determined Mr. Flowers and his attorney had sought the instruction and reaped the benefit of the instruction; they could no longer claim error. We agree.

The invited error doctrine is succinct: "[A] party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make." Anderson v. State, 93 So. 3d 1201, 1203 (Fla. 1st DCA 2012). Put another way, "a party may not make or invite error at trial and

2

then take advantage of the error on appeal." Id. at 1206. As applied here, "counsel should not be allowed to sandbag the trial judge by requesting and approving an instruction they know or should know will result in an automatic reversal, if given." Weber v. State, 602 So. 2d 1316, 1319 (Fla. 5th DCA 1992).

We do not suggest defense counsel here nefariously or perniciously sought to dupe the court. But given his successful use of the statute of limitations defense against the two other charges and his admission it was his (sound) trial strategy to instruct the jury on the lesser included charge, counsel cannot now reap the benefit of crying foul upon the jury obliging his request.

The Fifth District addressed a very similar scenario. See id. at 1317-18. There, a defendant was indicted for murder, but found guilty of the lesser included offense of manslaughter. Id. at 1317. During trial, "the prosecutor, defense counsel and judge discussed" instructing the jury on the lesser included offenses of murder. Id. "Defense counsel said 'give it.'" Id. And in closing, defense counsel argued the lesser included offenses. Id. Throughout, there were no objections. Id. Nor did counsel object after return of the lesser included verdict. Id. A week later, counsel raised the issue by way of motion for arrest of judgment. Id. at 1318. The trial court found the issue was "waived." Id. at 1317.

On appeal, the Fifth District affirmed the defendant's conviction for the lesser included charge. Id. at 1318-19. The court explained that "if a defendant

3

requests a time-barred lesser included offense instruction, and is convicted on such charge, he or she may be estopped from later challenging the conviction on statute of limitations grounds." Id. at 1318. And where a defendant takes "affirmative acts either in seeking or acquiescing in the erroneous instruction," a failure to object precludes the error from being fundamental. Id. (citing Ray v. State, 403 So. 2d 956 (Fla. 1981)). The court found Weber's counsel accepted and approved the lesser included instruction in Weber's presence, argued it to the jury, and failed to object to the instruction or otherwise apprise the court of a potential issue. Id. at 1317.

Here, Mr. Flowers and his counsel were well aware of the statute of limitations; they had successfully obtained dismissals of the other two counts for statute of limitations reasons. Despite this knowledge, and in what counsel admitted to be his trial strategy, counsel successfully sought to have the jury instructed on a time-barred, lesser included offense. This occurred with Mr. Flowers present. And counsel not only affirmatively sought the instruction, but he failed to object at any point during the proceedings—at the charge conference, prior to instructing the jury, during the instructions, after the instructions, during jury deliberations, and upon return of the verdict. In fact, it was the court who saw a potential issue and asked counsel to return after the verdict was in, the jury dismissed, and court adjourned.

4

In short, counsel affirmatively requested the court instruct the jury on a lesser included offense he, at minimum, should have known was time barred as part of (sound) trial strategy. The jury agreed and convicted Mr. Flowers on the lesser included offense. Mr. Flowers knowingly sought the instruction, the jury used the instruction, and he now takes issue with the instruction. This falls squarely within the invited error doctrine. The sandbagging and windfall in seeking instruction on a crime for which it would be illegal to convict—without the ability of retrial because of double jeopardy issues—is exactly what invited error seeks to avoid. We join the Fifth District in finding the invited error doctrine applicable under this factual scenario.

Appellant's judgment and sentence are AFFIRMED.[1]

PADOVANO and THOMAS, JJ., CONCUR.

---

[1] Mr. Flowers raised one other issue. We affirm without comment.