# Third District Court of Appeal

## State of Florida

Opinion filed November 6, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1930
Lower Tribunal No. 22-2345-A-K
_____

**The State of Florida,**
Appellant,

vs.

**Alexander Vinokurov,**
Appellee.

An Appeal from the County Court for Monroe County, Albert L. Kelley, Judge.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for appellant.

The Law Office of Robert David Malove, P.A., Robert David Malove, and Hani Demetrious (Fort Lauderdale), for appellee.

Before LINDSEY, MILLER and GOODEN, JJ.

ON MOTION FOR REHEARING

PER CURIAM.

Upon consideration of Appellee's motion for rehearing, we withdraw our original opinion, and substitute the following opinion in its stead:

This is an appeal by the State of an order suppressing evidence obtained by the Florida Fish and Wildlife Conservation Commission ("FWC"). We reverse the trial court's order. See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."). The FWC had authority to stop the boat to inspect licenses, registration, and safety equipment. State v. Casal, 410 So. 2d 152, 155 (Fla. 1982) ("In sum we find that the state's interest in random stopping and brief detention of motorboats for the limited purpose of checking fishing permits, registration certificates and safety equipment outweighs a person's interest in being completely free from such limited intrusion. In light of the absence of less restrictive alternatives which would accomplish the state's goals, spot checks of motorboats are not unreasonable under the Fourth Amendment."); State v. Starkey, 605 So. 2d 963, 965 (Fla. 1st DCA 1992) ("A person's expectation of privacy in a motorboat is less than the same expectation of privacy in an automobile."); § 328.48(4), Fla. Stat. During this encounter, another occupant of the boat voluntarily opened the boat's cooler without a request by the FWC officer

2

and the illegal catch was in plain view.  Cf. <u>Miranda v. State</u>, 354 So. 2d 411, 414 (Fla. 3d DCA 1978).

Reversed and remanded for further proceedings.