717 So.2d 550 (1998)
Glenda MUINA, Appellant,
v.
Cornelia CANNING and Judy Dew, Appellees.
No. 96-4731.
District Court of Appeal of Florida, First District.
June 1, 1998.
*551 Alfred O. Shuler, Shuler and Shuler, Apalachicola, for Appellant.
Jacalyn N. Kolk, Hilton, Hilton, Kolk & Roesch, Panama City, for Appellees.
PER CURIAM.
We review a final judgment in a foreclosure action in which the trial court awarded re-entry and ownership by appellees Canning and Dew, without judicial sale of the property, effecting a forfeiture of appellant Muina's equitable title and right of redemption. We agree with appellant that the final judgment on its face is erroneous as a matter of law; but we also are compelled to agree with appellees that because appellant invited the errors complained of, the judgment must be affirmed.
Appellees Canning and Dew filed suit to foreclose an Agreement for Deed in which they contracted to sell to appellant Muina a parcel of real property improved with an office building in Gulf County. The complaint sought a determination of the amount due under the contract, sale of the property to satisfy the indebtedness, and a deficiency judgment in event the sale did not bring enough to pay the amount due.
Trial was conducted in two separate hearings before the judge, on March 26,1996, and October 8, 1996. Since no court reporter attended the hearings, there is no transcript or record of the actual testimony, evidence, or argument of counsel. After appeal was filed, appellees filed a motion pursuant to Rule 9.200, Florida Rules of Appellate Procedure, resulting in the trial court's approval of *552 a Statement Of The Proceedings by order entered May 29,1997.
The findings contained in the final judgment are inconsistent with both the established law governing interpretation of agreements of the kind sued upon here, and with the relief sought in the complaint filed by the plaintiff-appellees. The final judgment recites, in pertinent part:
1. The parties entered into an agreement which expressly states that if GLENDA MUINA fails to make all payments, then CORNELIA CANNING and JUDY DEW may re-enter the property and have clear title and full control over the property;
2. The parties were free to contract under such terms as they saw fit;
3. This agreement did not serve to transfer title to the property and all payments were not made.
It is hereby:
ORDERED and ADJUDGED that possession of the property shall immediately be restored to Plaintiffs and Plaintiffs shall have clear title to the property.
A contract for deed whereby the seller agrees to convey legal title to the buyer after the buyer pays all of the installments of the purchase price is merely a security device and is an alternative to immediate conveyance of title to the buyer with a purchase money mortgage back to the seller. See Purcell v. Williams, 511 So.2d 1080 (Fla. 1st DCA 1987). Such an agreement is treated under Florida law as a mortgage, and is subject to all the rules of foreclosure. Id. at 1082. See also § 697.01, Florida Statutes (1995). The clause providing for return of possession to the seller and forfeiture of payments made by the buyer in the event of default is nearly identical to the provision this court held unenforceable in Mid-State Investment Corp. v. O'Steen, 133 So.2d 455 (Fla. 1st DCA 1961).[1] In that case this court invalidated the provision allowing re-entry by the seller, and affirmed the trial court's ruling that the contract was a mortgage, holding that the rules governing foreclosure applied notwithstanding the reversionary language. Under these and other decisions, appellees Canning and Dew were entitled only to the remedies available to mortgagees  which they clearly elected to assert in their complaint  but were not entitled to possession free of the equitable interest of Muina, including her right of redemption. H. & L. Land Co. v. Warner, 258 So.2d 293 (Fla. 2d DCA 1972); Cinque v. Buschlen, 442 So.2d 1034 (Fla. 3d DCA 1983); Hoffman v. Semet, 316 So.2d 649 (Fla. 4th DCA 1975).
Although relying upon the rule of invited error, Appellees also advance several arguments in support of the final judgment. We are unable to agree with these arguments on the merits. First, although we agree that the agreement is lacking in specificity regarding the time for payment of the purchase price of $25,000, the obligation to pay that amount for the property is clearly expressed, as is the requirement for monthly payments. Any contention that the nature of the contract is somehow changed by reason of the lack of specificity regarding the time for payments of principal has long since been waived by appellees by placing appellant in full possession and control of the property, acceptance of payments of interest and principal since the inception of the contract in 1979, and by failing to assert in their complaint in this case or at any other time, so far as the record discloses, a contention that the contract is unenforceable as an agreement for the sale of real property. In addition, appellant having been found in default, and appellees having exercised their right to declare the entire purchase price due, the absence of specificity as to the time of payment is moot. Next, as to the absence of notarization *553 and failure to record the agreement, appellees have furnished no authority, and we are aware of none, holding that notarization and recording are essential to the validity of the contract as between the parties. With respect to their argument that the trial court made its determination concerning the nature of the transaction based upon the testimony of the parties and their subsequent behavior, we note the absence from the final judgment of any findings supporting these contentions, and the absence from the Statement Of The Proceedings of any reference to testimony regarding the parties' intent at execution or their subsequent behavior that would have any bearing on the nature of the agreement. Indeed, appellees have made no suggestion as to any intentions or acts of the parties that might have served to alter the legal effect of the agreement. As for the actions of the parties, it is undisputed that Muina has remained in possession of the property and has partially paid the purchase price.[2]
We conclude, from the foregoing, that appellant has demonstrated error requiring reversal, unless appellant is barred from seeking reversal by the rule of invited error.[3] We have encountered considerable difficulty in resolving this issue. The invited error claim advanced by appellees is based upon a statement attributed to appellant's trial counsel,[4] allegedly occurring during closing argument at the final hearing. The critical statement attributed to appellant's trial counsel appears in the final paragraph of the Statement Of The Proceedings, as follows:
In closing, Plaintiff's [sic] counsel argued that there was no evidence of any kind to refute Mrs. Canning's figures or her evidence that payments had not been made. Plaintiff's counsel noted that this was an unrecorded document with irregularities which had been presented to Plaintiff by Defendant. Defendant's counsel argued that at the very least, the court should accept the terms of the document as written and put plaintiff in possession of the building but not allow a money judgment. The court agreed and entered its order.
Appellant objected to the inclusion of the underlined portion of the above paragraph at the hearing on settlement of the Statement Of The Proceedings. Appellant's counsel argued below that his information as to statements made by trial counsel, which he obtained by interviews with trial counsel and witnesses present at the final hearing, revealed that appellant's trial counsel merely argued that the Agreement for Deed contained no provision for attorney's fees, and did not provide for a deficiency judgment. He also argued that the Statement Of The Proceedings should include as a fact that the court itself elected to interpret the agreement "as written," and that appellant's trial counsel "did not argue for or stipulate to the final judgment." The trial judge rejected these arguments and approved the Statement Of The Proceedings as submitted by appellee, with minor changes not pertinent to the issues on appeal. Admitting to some vagueness of memory at the hearing, the trial judge stated: "I'm not sure [trial counsel] stipulated to [the final judgment]." However, the judge followed this statement with the declaration: "I am quite sure that he made the argument that the document ought to be interpreted just as it is was written." (Emphasis added).
Under the invited error rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make. Gupton v. Village Key & Saw Shop, *554 Inc., 656 So.2d 475 (Fla.1995). See also, Wilmo on the Bluffs, Inc. v. CSX Transp., 559 So.2d 294 (Fla. 1st DCA 1990)(a party may not specifically ask for summary judgment on grounds there was no genuine issue of material fact, and then on appeal take the position that there was a material issue of fact on the same question); Risk Management Services, Inc. v. McCraney, 420 So.2d 374 (Fla. 1st DCA 1982) (where appellant represented to trial court that certain case law was controlling, when in actuality case law was no longer applicable because of change in statute, appellant could not argue on appeal that trial court erred in following case law, since appellant clearly induced the error); Mohammad v. Mohammad, 371 So.2d 1070 (Fla. 1st DCA 1979) (where trial court merely accepted appellant's offer to pay full college expenses for his two children for four years, appellant may not be heard to urge on appeal that court erred in ordering him to do so); 3 Fla. Jur.2d, Appellate Review, § 313.
Although on the record before us other conclusions may be arguable, we are persuaded that the trial judge accepted appellee's version of the arguments made at trial, and that the court concurred in appellee's contention that the final judgment as entered by the court was induced by the argument of appellant's trial counsel.
We will not second-guess the trial judge's ruling on factual issues fairly presented below.[5] Our decision not to interfere with the trial court's ruling is strengthened by appellant's failure to alert the trial court to any misunderstanding or misinterpretation of arguments presented below by filing a motion for rehearing. Accordingly, the judgment appealed is
AFFIRMED.
JOANOS and WOLF, JJ., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] The forfeiture and re-entry provision in the agreement before us provides, in part: "And in the case of the failure of party of the second part to make any of the payments or any part thereof, or to perform any of the covenants on her part hereby made and entered into, this contract shall, at the option of parties of the first part, be forfeited and terminated, and the party of the second part shall forfeit all payments made by her on this contract; and such payments shall be retained by the said parties of the first part in full satisfaction and liquidation of all damages by them sustained, and the said parties of the first part shall have the right to re-enter and take possession of the premises aforesaid without being liable to any action therefor and this agreement shall be null and void...."
[2] Appellee Canning testified that she was due $17,120.03 as of January 18, 1996; an experienced bookkeeper testified for appellees that her review of all payment records from both parties established that at "at least" $17,000.00 was due. These figures reflect payment of almost one-third of the purchase price.
[3] We are guided by the rule that even when based on erroneous reasoning, a conclusion or decision of the trial court will generally be affirmed if the evidence or an alternative theory supports it. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). See, 3 Fla. Jur.2d, Appellate Review, § 315. Further, in appellate proceedings, the decision of the trial court has the presumption of correctness, and the burden is on appellant to demonstrate error. Applegate, supra, at 1152.
[4] Trial counsel was allowed to withdraw from representation, and appellant secured the services of difference counsel for this appeal.
[5] As the court held in Applegate v. Barnett Bank of Tallahassee, (supra, f.n. 3), 377 So.2d at 1152: "Without a record of the trial proceedings, the appellate court can not properly resolve underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory."