TORPY, J.
In this post-dissolution proceeding, Appellee sought to enforce the terms of a mediated agreement under which Appellant was obligated to pay her one-half of the balance of a certain bank account. The dispute culminated in an evidentiary hearing during which Appellee attempted to prove the amount due without the appropriate records from the bank account. Appellee attempted to excuse the failure to bring the records to court by asserting that Appellant ignored her production requests. However, it is undisputed that Appellee neither served a subpoena on the bank nor moved to compel production of the records after Appellant failed to bring the records with him to his deposition. At the evidentiary hearing Appellant again failed to bring the bank records with him. Appellee did not ask the trial court for a continuance or other relief but instead proceeded to put on her proof. Unfortunately, the only competent evidence of the amount came from the testimony of Appellant. Nevertheless, the court awarded the amount requested by Appellee, which was not supported by the evidence, under a theory that Appellant had the burden to counter Appellee’s claim by producing the *1286 records. This conclusion is erroneous because the burden of proof was upon Appel-lee as movant.
Appellant concedes, however, that the evidence does support an award to Appel-lee of $6500.00. Accordingly, the judgment is vacated and this cause is remanded with instructions that the court enter judgment in favor of Appellee in the amount of $6500.00
Appellant also challenges the court’s determination that Appellee is entitled to attorney’s fees. Because the court’s order only determined entitlement but did not set the amount of such fees, the issue is not ripe for determination at this time. See Ritchie v. Ritchie, 687 So.2d 1358 (Fla. 4th DCA 1997).
REVERSED AND REMANDED.
SAWAYA, C.J., and SHARP, W., J., concur.