CANADY, C.J.,
dissenting.
I would approve the decision of the Fourth District Court of Appeal, which recognizes that section 95.11(5)(f), Florida Statutes (2008), barred Jones’s 2008 petition seeking habeas relief from the decision of the Florida Parole Commission to revoke his parole in 1990.
The conclusion that the adoption by the Legislature of this statute of limitations violates the constitutional separation of powers is grounded on a confusion of the fundamental distinction between original judicial jurisdiction and appellate judicial jurisdiction. The Florida Constitution expressly gives the Supreme Court the authority to “adopt rules for ... the time for seeking appellate review,” but it gives the Supreme Court no similar authority to adopt rules establishing the time for initiating original proceedings such as habeas proceedings. Art. V, § 2(a), Fla. Const, (emphasis added).
The distinction between original proceedings and appellate proceedings was the basis for our decision in Williams v. Law, 868 So.2d 1285 (Fla.1979), where we upheld a statutory time limitation for challenging an administrative decision of a county board of tax adjustment. We reasoned that the challenge in question was “intended to be an original action rather than an appeal.” Id. at 1287. Since the challenge in Williams was an original action, we concluded that the statutory time limitation was “not a time limit for filing an appeal ... but, rather, ... a statute of limitations governing the time for filing an original action.” Id. We held that “the legislature clearly has the authority to establish such limitations” with respect to an original action. Id. at 1287-88.
Since the constitutional text specifically grants — in conjunction with the general authority to adopt procedural rules — the authority to establish time limitations with respect to the initiation of one broad category of proceedings, the conclusion is unavoidable that similar authority is not granted with respect to a category of proceedings that is not specified. Under the doctrine of inclusio unius est exclusio al-terius, “when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.” Gay v. Singletary, 700 So.2d 1220, 1221 (Fla.1997).
Allen v. Butterworth, 756 So.2d 52, 60-62 (2000), attempted to distinguish Williams by concluding that case dealt with an original civil action rather than *712 with a quasi-criminal proceeding such as habeas. But this entirely misses the point of Williams. In its analysis of the constitutionality of the statutory time limitation, Williams focused not on the civil/criminal distinction but on the original/appellate distinction. See Williams, 368 So.2d at 1287 (“The determination of the circuit court that the sixty-day time limit on filing an original action ... is in violation of article V, section 2(a), Florida Constitution, is necessarily erroneous in light of our interpretation.”). The civil nature of the proceeding in Williams played no part in the Court’s reasoning.
The analysis in Allen never considers the significance of the provision of article V, section (2)(a), which gives the Supreme Court the power to adopt rules establishing “the time for seeking appellate review.” Id. (emphasis added). This is indeed a salient deficiency in the Court’s reasoning on the separation-of-powers issue presented in Allen concerning statutory time limitations with respect to postcon-viction motions. The separation-of-powers issue cannot be properly considered without taking into account the constitutional provision which specifically addresses the Supreme Court’s authority to adopt time limitations governing the initiation of judicial proceedings — a constitutional provision which expressly grants such authority with respect to “appellate review” but does not mention original proceedings. Whether or not other constitutional grounds may justify the result reached by the Court in Allen, the Court’s reasoning on the separation-of-powers issue is seriously flawed.
In view of the text of article V, section (2)(a), the clear and compelling reasoning of Williams and the failure of Allen to consider the significance of either the relevant constitutional text or the actual rationale of our decision in Williams, I would not extend the holding of Allen to the context presented here. Jones has failed to present any argument justifying the conclusion that section 95.11(5)(f) violates article V, section (2)(a), Florida Constitution.
I would also reject Jones’s argument that the limitation period under section 95.11(5)(f) “cannot commence as long as a petitioner remains confined.” Acceptance of Jones’s argument on this point would effectively read the statute of limitations into nonexistence with respect to habeas petitions. There is nothing in the text or context of section 95.11(5)(f) suggesting that habeas petitions are not included within the broad category of “petition[s] for extraordinary writ.” No persuasive ground has been offered for implying an exception from the one-year statute of limitations for habeas petitions.
It is unquestionably true that a habeas petition challenges the legality of a prisoner’s detention. But it is also unquestionably true that the habeas petitioner must establish the reason that the detention is illegal. When a prisoner challenges his detention on the ground that his parole was illegally revoked, the habeas petition necessarily is predicated on the actions of the Parole Commission that resulted in the decision to revoke parole.
Under section 95.031, .Florida Statutes (2008), the general rule is that “the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues.” Section 95.031(1) provides that “[a] cause of action accrues when the last element constituting the cause of action occurs.” Here, Jones’s cause of action accrued when his parole was revoked and he was subjected to incarceration as a consequence. Under the clear provisions of section 95.031, there is no basis for concluding that Jones’s cause of action had not accrued at that point.
*713 I therefore dissent from the majority’s decision which requires the trial court to consider Jones’s stale claim — a claim that he first asserted about seventeen years too late.