THOMAS, J.
Appellant seeks reversal of the lower court’s order and final judgment denying Appellant’s request to set aside various asset transfers. Appellant argues that this was error, because Appellees’ failure to respond to Appellant’s allegations acted as an admission to those allegations, thus *165 precluding Appellees from presenting any rebuttal evidence. Appellant also argues the trial court erred by failing to find the transfers were fraudulent. For the reasons explained below, we affirm as to both issues.
I.
Appellant’s first argument faces several obstacles. First, Appellant neither identified this argument as a distinct issue in its Initial Brief, nor did Appellant present what passes for an argument on that point as a separate basis for reversal. This is improper. See F.M.W. Properties, Inc. v. Peoples First Fin. Sav. & Loan Ass’n, 606 So.2d 372, 378 (Fla. 1st DCA 1992) (holding “the failure to organize arguments under cogent and distinct issues on appeal presents sufficient reason for an appellate court to decline consideration of a matter.”). We say “passes for argument,” because in both Appellant’s Summary of Argument and its Argument, Appellant did not explicitly assert that the trial court erred in allowing Appellees to present evidence.
Furthermore, although the heading for Appellant’s first argument addressed an entirely different matter, Appellant addressed this procedural matter under that argument. In doing so, however, Appellant simply stated: “The lower court found, after reviewing Tonnelier’s pleadings and the transcript of Shema’s deposition, that Tonnelier had presented a prima facie case that the transfers at issue were fraudulent. Accordingly, at a procedural minimum, the burden shifted to the Defendants to disprove Tonnelier’s prima facie case.” This is a mere recitation of what transpired at trial, not an assertion that the trial court erred.
This is an important point because on the first day of the bench trial, Appellant’s counsel asked the court to take notice that Appellees failed to comply with its order to respond to Appellant’s allegations and assert any defenses. Appellant’s counsel then “submit[ted] to the court that, as a result of that [failure] ... there is a rebuttable presumption that the assertions in the motion are accurate.... ” After a brief discussion with both attorneys, the trial court found that the motion to' set aside the contested transfers “put forth a prima facie case,” and the burden then shifted to Appellees to show why the transfers should not be set aside. When asked if there was anything else the court needed to do, Appellant’s counsel replied, “No sir, not as long as you take the assertions.” Thus, to the extent the court’s conclusion that Appellees’ failure to respond to the allegations was incorrect, Appellant either waived this argument or invited the error. “[A] party may not invite error and then be heard to complain of that error on appeal.” Terry v. State, 668 So.2d 954, 962 (Fla.1996).
Despite the foregoing, after the court declined to set aside any of the contested transfers, Appellant filed a motion for rehearing, arguing for the first time that, pursuant to Florida Rules of Civil Procedure 1.110(e) and 1.140(b), Appellees’ failure to respond to Appellant’s motion to set aside resulted in an admission of all aver-ments in the motion, including the allegations that the transfers, which Appellees did not deny took place, were fraudulent. As noted, the trial court did exactly what Appellant asked it to do: it treated the assertions in the motion to set aside as true, subject to rebuttal by Appellees as to whether the transfers were in fact fraudulent. Thus, to the extent the trial court erred by not deeming as admitted all the assertions in the motion, including the allegations that the transactions were fraudulent, Appellant invited this error.
*166 II.
As to Appellant’s second argument, in the proceedings below Appellant alleged the challenged transfers were fraudulent and were made for the purpose of preventing Appellant from collecting on its judgment against Gainesville Realty, Inc., which was succeeded by Gainesville Realty & Development, Inc. Appellees stipulated below that the latter company was a continuation of the former. Appellees also did not dispute that the contested transfers took place, nor did they deny when and to whom the transfers were made; rather, Appellees argued that there was no fraudulent intent behind any of the transfers. Appellant did not call any witnesses, but relied instead on the direct testimony and cross-examination of Appellees’ witnesses, including the accountant expert witness.
Because Appellees presented evidence to rebut the presumption of fraud created by the contested conveyances, the trial court was charged with deciding whether there was a preponderance of evidence to establish fraud; that is, whether Appellees presented sufficient evidence to overcome the presumption that the conveyances were in fact fraudulent. This was a factual determination, and appellate courts typically do not disturb a trial court’s fraud determination unless it is clearly erroneous. See Scott v. Dansby, 334 So.2d 331, 333 (Fla. 1st DCA 1976) (holding “[i]t was the duty of the court to weigh the testimony presented to it with due consideration being given to the particular circumstances surrounding the conveyances under attack. [Those] findings of fact ... come to [the appellate court] with a presumption of correctness and will not be disturbed unless they are clearly erroneous.”). Here, there was sufficient evidence to support the trial court’s determination that there was no fraud.
Furthermore, considering the issue of whether the conveyances were made with the intent to prevent Appellant from being able to collect on its judgment, the trial court was also ultimately required to make a credibility determination, which appellate courts typically do not disturb. See Smiley v. Greyhound Lines, Inc., 704 So.2d 204, 205 (Fla. 5th DCA 1998) (holding that because trial court has the firsthand opportunity to hear and observe the witnesses as they testify, it is in a superior position to weigh the evidence and credibility of the witnesses and, “[a]ccordingly, it is not the function of an appellate court to substitute its judgment for that of the trial court unless there is a lack of competent substantial evidence to support the findings upon which a final judgment is based.”).
Appellant essentially argues that because one or more of the subject conveyances bore multiple prima facie “badges of fraud,” Appellant was entitled to a finding of fraud and an attendant avoidance of the contested transfers. This is incorrect. As stated by this court in Banner Construction Corp. v. Arnold, 128 So.2d 893, 896 (Fla. 1st DCA 1961), “[b]adges of fraud are not conclusive, but are more or less strong or weak according to their nature and the number occurring in the same case.... And while a badge of fraud standing alone may amount to little more than a suspicious circumstance, insufficient in itself to constitute fraud per se, several of them when considered together may afford a basis from which its existence is properly inferable.” (Emphasis added.) Thus, although multiple badges of fraud may raise the suspicion level concerning a given conveyance, they do not constitute fraud per se. It is also important to note that the Arnold decision affirmed a jury verdict finding the subject conveyance was fraudulent, holding that the evidence was suffi *167 cient to sustain the verdict because of the existence of several indicia of fraud. Id. Here, however, the trial court found that, despite such indicia, there was no fraudulent intent.
For the foregoing reasons, the trial court’s order and final judgment denying Appellant’s request to set aside the transfers at issue is AFFIRMED.
KAHN and VAN NORTWICK, JJ„ concur.