SWANSON, J.
This is an appeal from an involuntary civil commitment order under the Jimmy Ryce Act.[1] We have never reversed a commitment order entered under the Jimmy Ryce Act after trial on account of a delay in the start of the trial, and decline to do so today, in the absence of any claim or “demonstration of an impact on the fairness of the trial itself.” Boatman v. State, 77 So.3d 1242, 1251 (Fla.2011). Here, as in Morel v. Wilkins, 84 So.3d 226 (Fla. 2012), the delay that occurred is properly attributed to Appellant. “[Bjecause the delay in [Anderson’s] commitment trial has been made for tactical reasons at his own *1203 request, his detention did not result in a constitutional violation.” Id. at 227.
We are asked to decide whether the trial court lacked jurisdiction to proceed with the case when the Amended Petition was filed because, Appellant asserts, he was not in lawful custody at that time, relying on our decision in Taylor v. State, 65 So.3d 531 (Fla. 1st DCA 2011). On this record, we find Appellant was in lawful custody at the times the Original and Amended Petitions were filed. Just prior to the State’s filing of the Amended Petition, the trial court entered a stay that lawfully precluded Appellant’s release from custody. As a result, the trial court had jurisdiction over him at all pertinent times. See Larimore v. State, 2 So.3d 101, 114 (Fla.2008). Therefore, Taylor is distinguishable, and we conclude any error in procedure of which Appellant now complains falls squarely within the invited error rule.[2] “Under the invited error rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make.” Muina v. Canning, 717 So.2d 550, 553-54 (Fla. 1st DCA 1998) (citing Gupton v. Village Key & Saw Shop, Inc., 656 So.2d 475 (Fla.1995)). Consequently, we affirm.

Facts

In 2005, Appellant, Andrew Anderson, was adjudicated delinquent after pleading no contest to two counts of lewd and lascivious molestation involving his seven- and nine-year-old cousins. Appellant was fourteen years old at the time. He was placed in a facility operated by the Department of Juvenile Justice. During his time at the facility, Appellant was diagnosed with pedophilia. Two psychologists examined Appellant. In their written evaluations, the psychologists reported Appellant admitted having sexual fantasies involving young children, including an infant. On October 14, 2009, a few months before Appellant’s scheduled release from custody, the State filed a petition to involuntarily commit him as a sexually violent predator. Two days later, on October 16, 2009, the trial court found probable cause that Appellant met the criteria for commitment, triggering section 394.916, Florida Statutes (2009), which requires a trial occur within thirty days, absent a continuance. The court did not immediately set a trial date.
Instead, the trial court held a status conference on November 12, 2009, in which *1204 Appellant participated telephonically. At that conference the State announced it was ready to proceed, but Appellant’s counsel requested additional time to have a doctor evaluate Appellant. Counsel stated she had not yet had the opportunity to have an examination completed. The trial court explicitly recognized the failure of Appellant’s counsel to have the evaluation completed constituted “grounds to continue the matter beyond the time set forth in the rule[.]” Appellant — on the record — acknowledged this made sense to him. Appellant’s counsel agreed to prepare an order appointing a doctor. Appellant later said he did not want to have the evaluation completed, stating “I already know what they said. I already know the reason why I’m over here, there’s no reason in trying to get me out.” Appellant said he would talk to his lawyer about reaching an agreement with the State and processing the case without adversarial proceedings. The court informed Appellant that adversarial proceedings would resume if no agreement could be reached. The conference ended with Appellant’s counsel announcing she would call Appellant to discuss his options.
Nine months later, on August 16, 2010, the trial court held another status conference. At some date between this status conference and the earlier conference on November 12, 2009, Appellant’s first attorney left the Public Defender’s Office and another assistant public defender was assigned. At the conference held on August 16, 2010, the court noted the clerk’s file reflected the request of Appellant’s previous assistant public defender for a continuance in order to have a doctor examine Appellant. The court said the Public Defender’s Office was to have prepared an order, but never did. The State indicated it had initiated discussions with Appellant’s former assistant public defender about reaching an agreement, but no progress was made. Towards the end of the conference on August 16, 2010, Appellant’s new assistant public defender said she would prepare an order to have a doctor appointed.
On September 14, 2010, having still not been brought to trial, Appellant filed a motion to dismiss the State’s petition. Appellant claimed he was entitled to a dismissal and immediate release from custody since he had not been brought to trial within thirty days of the probable cause determination. The trial court granted the motion to dismiss without prejudice at a hearing held on January 3, 2011, but stayed the release for ten days to allow the State to appeal. The State did not appeal; instead, that same day — January 3, 2011— it filed an amended petition. The trial court entered a new probable cause order the following day and set trial for January 31, 2011. Ten days following the hearing on January 3, 2011, Appellant was released from custody pending trial. On January 25, 2011, the trial court heard a defense Motion for Continuance. According to Appellant’s attorney, she now sought additional time because Appellant “had some defenses that hadn’t been explored before[.]” The State, however, pointed out:
[T]he [Appellant] had filed a motion which resulted in him getting what he asked for, an immediate court date, and we, you know, were able to accommodate that, and now the public defender’s been assigned to this case for 15 months, and it’s hard for the state to understand or believe that on the eve of trial, the week before is the first time any work’s been done on this case to prepare a defense. And, you know, we should have been talking about this a year ago or six months ago.
The trial court denied this final defense Motion for Continuance and a bench trial was held on January 31, 2011. The trial court found Appellant to be a sexually *1205 violent predator and ordered his commitment. He was immediately detained and committed, and remains in custody. This appeal follows.

Analysis

In Jimmy Ryce proceedings, after the State files a petition for commitment and the trial court determines probable cause exists to classify a respondent as a sexually violent predator, the respondent must be brought to trial within thirty days, unless a continuance is granted. Specifically, section 394.916 provides:
(1) Within 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator.
(2) The trial may be continued once upon the request of either party for not more than 120 days upon a showing of good cause, or by the court on its own motion in the interests of justice, when the person will not be substantially prejudiced. No additional continuances may be granted unless the court finds that a manifest injustice would otherwise occur.
Rule 4.240(a) of the Florida Rules of Civil Procedure for Involuntary Commitment of Sexually Violent Predators provides that “[t]he trial ... shall be commenced within 30 days ... unless the respondent waives the 30 day time period in writing ... or on the record in open court.” See also Morel, 84 So.3d at 244.
Based on the record, it is evident Appellant actively sought and intended his case to be continued on three occasions. The transcripts from the 2009 and 2010 status conferences, as well as the transcript from the January 25, 2011, hearing on Appellant’s Motion for Continuance, reflect Appellant’s clear and repeated attempts to have his case continued.
A continuance was initially requested and granted at the 2009 status conference, thereby obviating the thirty day trial requirement. The trial court found Appellant was not ready for trial or yet in a position to make a knowing stipulation to the State’s “Petition for Declaration and Commitment of [Appellant] as a Sexually Violent Predator.” Additional time was sought by Appellant, whose attorney made it clear she wanted a continuance to have a doctor examine Appellant. The trial court recognized her request to have Appellant examined was grounds for a continuance, which Appellant acknowledged made sense to him. Furthermore, Appellant and his attorney also sought time to discuss a settlement with the State before electing to proceed with the adversarial process. An order continuing the matter was to have been prepared by Appellant’s attorney, who failed to do so. While no definitive waiver in “writing” existed at this point, the status conference transcript shows the lawyers, the judge, and Appellant all understood a continuance was to occur.
Additionally, at the conclusion of the 2010 status conference, Appellant’s new attorney stated she would submit an order to the judge to have a doctor appointed. The record does not indicate this ever happened. Instead, she filed a motion to dismiss the State’s Petition on September 14, 2010, less than one month after the 2010 status conference. The motion to dismiss was granted without prejudice on January 3, 2011, at which time the State filed its Amended Petition.
Appellant’s attorney then filed a formal Motion for Continuance directed to the State’s Amended Petition. The hearing on this Motion for Continuance occurred on January 25, 2011, at which time Appellant’s attorney asserted a need to explore new defenses. At this point, the Public Defender’s Office had been appointed to represent Appellant for over fifteen months. The record establishes a pattern followed by both assistant public defenders *1206 in seeking continuances and delaying the trial, thereby undermining any claim that Appellant did not invite error.
The mandatory legislative time requirements and the requirements set forth in the rules were waived in this case due to the continuances sought. Appellant cannot now “cry foul” and benefit from this invited error.
“Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.” Czubak v. State, 570 So.2d 925, 928 (Fla.1990). In the instant case, if any error was committed in honoring the defendant’s demand for speedy trial, the defendant clearly invited the error. Therefore, the defendant cannot take advantage on appeal of the situation he created at trial. White v. State, 446 So.2d 1031, 1036 (Fla.1984); McCrae v. State, 395 So.2d 1145 (Fla.1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981).
Ashley v. State, 642 So.2d 837, 838 (Fla. 3d DCA 1994).[3] Counsel cannot “sandbag [a] trial judge by requesting and approving [something] they know ... will result in an automatic reversal, if given.” Rosen v. State, 940 So.2d 1155, 1161 (Fla. 5th DCA 2006) (quoting Weber v. State, 602 So.2d 1316,1319 (Fla. 5th DCA 1992)).
Based on the record, we find Appellant and his attorney invited error, which they cannot now complain of on appeal. As in Tonnelier Construction Group, Inc. v. Shema, 48 So.3d 163 (Fla. 1st DCA 2010), “the trial court did exactly what Appellant asked it to do[.]” Id. at 165. Even though the trial court did not grant Appellant’s final request for a continuance, doing so would have reinforced the conclusion that strict compliance with the thirty-day trial requirement was waived.
Accordingly, we AFFIRM.
BENTON, C.J., DAVIS, VAN NORTWICK, PADOVANO, LEWIS, CLARK, MARSTILLER, and MAKAR, JJ., concur.
PADOVANO, J., concurs in an opinion with which DAVIS, VAN NORTWICK, and CLARK, JJ., concur.
WETHERELL, J., concurs in result only in an opinion with which WOLF, THOMAS, ROBERTS, ROWE, and RAY, JJ., concur.
ROWE, J., concurs in result only in an opinion with which WOLF, THOMAS, ROBERTS, WETHERELL, and RAY, JJ., concur.
MAKAR, J., concurs in an opinion with which MARSTILLER, J., Concurs.

. Appellant raises two points in arguing for reversal. We affirm his first point without further comment.

. The minority would have us recede from our recent decision in Taylor, but we decline to reach Taylor and decide this case on the narrow ground of invited error. See PDK Labs., Inc. v. United States D.E.A., 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring) ("This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more— counsels us to go no further.”). See, e.g., State v. Mozo, 655 So.2d 1115, 1117 (Fla.1995) (adhering "to the settled principle of constitutional law that courts should endeavor to implement the legislative intent of statutes and avoid constitutional issues”). See also Leslie v. Carnival Corp., 22 So.3d 567, 582 n. 16 (Fla. 3d DCA 2009) (citing PDK Labs., 362 F.3d at 799). In response to Judge Wetherell’s concurring opinion, which states in pertinent part, that the invited error doctrine cannot be applied to this case "because the effect of doing so would be to confer jurisdiction on the trial court that it does not have[,]” we emphasize we are not using the invited error doctrine to confer jurisdiction on the court; in this case, it had jurisdiction because Appellant was in lawful custody. Instead, the invited error doctrine overcomes the mandatory time requirements set forth in section 394.916, Florida Statutes (2009). The Florida Supreme Court has made it clear; the statutory time requirements are mandatory, not jurisdictional. See, e.g., Osborne v. State, 907 So.2d 505, 507-08 (Fla.2005). Moreover, the restraint exercised by the majority herein is consistent with the Florida Supreme Court’s manifestation of restraint on the same issue. See Boatman, 77 So.3d at 1251 n. 11.

. See also Universal Ins. Co. of N. Am. v. Warfel, 82 So.3d 47, 65 (Fla.2012) ("Fundamental error is waived where defense counsel requests an erroneous instruction. Fundamental error is also waived where defense counsel affirmatively agrees to an improper instruction.”); Sheffield v. Superior Ins. Co., 800 So.2d 197, 202 (Fla.2001) ("Under the invited-error doctrine, a party may not make or invite error at trial and then take advantage of the error on appeal.”); Goodwin v. State, 751 So.2d 537, 544 (Fla.1999) ("If the error is ‘invited,’ or the defendant 'opens the door' to the error, the appellate court will not consider the error a basis for reversal.”); Thomas v. State, 730 So.2d 667, 668-69 (Fla.1998) ("Where counsel communicates to the trial judge his acceptance of the procedure employed, the issue will be considered waived. In the present case, defense counsel told the judge he had no objection — thus, the ... violation was not reversible error.”); Norton v. State, 709 So.2d 87, 94 (Fla.1997) ("Furthermore, a party may not invite error during the trial and then attempt to raise that error on appeal.”); Terry v. State, 668 So.2d 954, 962 (Fla.1996) ("Most importantly, a party may not invite error and then be heard to complain of that error on appeal.”); Pope v. State, 441 So.2d 1073, 1076 (Fla.1983) (“A party may not invite error and then be heard to complain of that error on appeal. We therefore find no merit in this point of appellant’s appeal.”); Muina, 717 So.2d at 553-54.