IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RAJIV RAMAKRISHNAN,

        Appellant,

v.

ERIKA RAMAKRISHNAN,

        Appellee.

Case No.  5D22-769
LT Case No. 2019-DR-000686-AX

_____/

Opinion filed December 30, 2022

Appeal  from  the  Circuit Court
for Lake County,
Dan R. Mosley, Judge.

Gary S. Israel, of Gary Israel, P.A.,
Orlando, for Appellant.

Brandon M. Tyson, of Tyson Law
Firm, LLC, Winter Park, for Appellee.

WALLIS, J.

      Appellant appeals the amended final judgment of dissolution of

marriage ordering, *inter alia*, that Appellee is entitled to recover attorney's

fees. Appellant argues that the trial court did not properly reserve jurisdiction to rule that Appellee was entitled to fees and that in so doing, the court exceeded the relief that the parties requested. We reject Appellant's arguments and affirm. Cf. Harbin v. Harbin, 762 So. 2d 561, 563 (Fla. 5th DCA 2000) (holding trial court erred in failing to reserve jurisdiction to determine attorney's fees in the final judgment of modification when wife requested attorney's fees in her pleadings and at the modification trial).

Moreover, Appellant's arguments challenging the entitlement to fees is not ripe for appellate review. Therefore, we dismiss this issue for lack of appellate jurisdiction. See Cummings v. Cummings, 868 So. 2d 1285, 1286 (Fla. 5th DCA 2004) ("Because the court's order only determined entitlement but did not set the amount of such fees, the issue is not ripe for determination at this time.").

AFFIRM IN PART; DISMISS IN PART.

LAMBERT, C.J. and EVANDER, J., concur.