IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

DANIEL FETZER,

      Petitioner,

v.

STATE OF FLORIDA AND FLORIDA
DEPARTMENT OF CHILDREN AND
FAMILIES,

      Respondents.

Case No.  5D23-379
LT Case No. 16-2010-CA-3850-AX

_____/

Opinion filed March 10, 2023

Petition for Writ of Prohibition,
Robert M. Foster, Respondent Judge.

Daniel Fetzer, Arcadia, pro se.

Ashley Moody, Attorney General, and
David Welch, Assistant Attorney
General, Tallahassee, for
Respondent, State of Florida.

SaVannah J. Reading, Assistant
General Counsel, of Department of
Children and Families, Tallahassee, for
Respondent, Department of Children
and Families.

LAMBERT, C.J.

Daniel Fetzer was convicted in 1985 in the Commonwealth of Massachusetts of assault with intent to commit rape. Following his release from prison, Fetzer eventually made his way to Florida, where, in 1997, he was convicted and imprisoned on charges of child abuse, child neglect, and escape.

On March 23, 2010, while Fetzer was still in the lawful custody of the Florida Department of Corrections, the State filed a petition under sections 394.910–394.931, Florida Statutes (2009), commonly referred to as the Jimmy Ryce Act, to have Fetzer found to be a sexually violent predator and to commit him to the custody of the Department of Children and Families for long-term control, care, and treatment.[1] The same day, the circuit court issued an ex parte order finding that probable cause exists to believe that Fetzer is a sexually violent predator and directing that he be held in an appropriate secure facility pursuant to section 394.915, Florida Statutes.[2] Fetzer later executed a written waiver of his right to have his trial held within

[1] Fetzer was scheduled to be released from custody four days later on March 27, 2010.

[2] The court held an evidentiary hearing the following month where it found probable cause that Fetzer should be committed as a sexually violent predator.

thirty days of the State's filing of the petition. *See* § 394.916(1), Fla. Stat. (2009) (providing that "[w]ithin 30 days after the determination of probable cause, the court shall conduct a trial to determine whether the person is a sexually violent predator"). Trial has not yet occurred.[3]

In 2022, Fetzer filed a "Second Amended Emergency Motion to Dismiss Release and Discharge from Unlawful Civil Custody." Fetzer argued in his motion that the State's 2010 petition to civilly commit him as a sexually violent predator was barred under Florida's statute of limitations codified at section 95.11, Florida Statutes (2009), because it sought to enforce the Massachusetts judgment entered against him almost twenty-five years earlier. The State moved to strike Fetzer's motion, responding that Fetzer was relitigating the same motion that he had unsuccessfully filed in 2020. The circuit court denied Fetzer's motion.

Before this court is Fetzer's petition requesting that we issue a writ of prohibition to prevent the circuit court from hearing and considering the State's petition to involuntarily commit him as a sexually violent predator.[4] Fetzer primarily argues that whether the twenty-year, five-year, or four-year

---

[3] Fetzer remains housed at the State of Florida Civil Commitment Center in Arcadia.

[4] The order entered by the circuit court is not an appealable nonfinal order under Florida Rule of Appellate Procedure 9.130.

statute of limitations period under sections 95.11(1), (2), or (3)(p) applies, the time for the State to have brought an action on his 1985 Massachusetts judgment expired long before it filed its petition in this case on March 23, 2010. For the following reasons, we deny the petition.

ANALYSIS—

Prohibition is considered an extraordinary remedy that is used to prevent a lower court from acting without jurisdiction or in excess of its jurisdiction. *English v. McCrary*, 348 So. 2d 293, 296 (Fla. 1977); *Taylor v. State*, 65 So. 3d 531, 533 (Fla. 1st DCA 2011) (citing *Peltz v. Dist. Ct. of Appeal, Third Dist.*, 605 So. 2d 865, 866 (Fla. 1992)). The writ is intended to be "narrow in scope, to be employed with great caution and utilized only in emergencies," *English*, 348 So. 2d at 296, and "where there is no other 'appropriate and adequate legal remedy.'" *Sutton v. State*, 975 So. 2d 1073, 1076 (Fla. 2008) (quoting *S. Records & Tape Serv. v. Goldman*, 502 So. 2d 413, 414 (Fla. 1986)).

Fetzer does not dispute that he was in the lawful custody of the Department of Corrections at the time that the State initiated the instant civil commitment proceedings. Resultingly, under Florida Supreme Court precedent, the circuit court here has jurisdiction to adjudicate the State's commitment petition. *See Larimore v. State*, 2 So. 3d 101, 117 (Fla. 2008)

4

(holding that "an individual must be in lawful custody when the State takes steps to initiate commitment proceedings pursuant to the Jimmy Ryce Act in order for the circuit court to have jurisdiction to adjudicate the commitment petition"). Fetzer has not disputed that he was also in the lawful custody of the Department of Corrections on January 1, 1999, when the Jimmy Ryce Act came into effect.[5] *See State v. Atkinson*, 831 So. 3d 172, 174 (Fla. 2002) (holding that the Jimmy "Ryce Act is limited to persons who were in lawful custody on its effective date").

Further, though Fetzer long ago served his sentence for the assault with intent to commit rape committed in Massachusetts, the circuit court is not precluded from exercising jurisdiction because the Jimmy Ryce Act does not require that the petition for involuntary commitment be filed while the sex offender is in custody for the enumerated sex offense. *See Ward v. State*, 986 So. 2d 479, 480, 483–84 (Fla. 2008) (holding that a petitioner who was convicted of rape in 1976 and released from prison in 1993 was nevertheless subject to Jimmy Ryce Act involuntary civil commitment proceedings initiated by the State in 2005 as the petitioner was in lawful custody at the time for the crimes of burglary of an unoccupied conveyance and possession of burglary tools); *Hale v. State*, 891 So. 2d 517, 522 (Fla. 2004) (holding that

_____

[5] *See* ch. 98-64, § 24, Laws of Fla.

the Jimmy Ryce "Act applies to all persons who are currently incarcerated and who at some point in the past have been convicted of a sexually violent offense"—the Act does not require that the current incarceration be for a sexually violent offense).

As previously indicated, Fetzer's challenge focuses on the trial court's denial of his motion to dismiss based on a statute of limitations defense. While we question whether Florida's statute of limitations even applies to a Jimmy Ryce proceeding initiated when, as here, a defendant is in lawful custody, *see Anderson v. State*, 93 So. 3d 1201, 1209 (Fla. 1st DCA 2012) (Padovano, J., concurring) ("It is doubtful that the statute of limitations can be applied at all in a Jimmy Ryce Act proceeding, as there is no point at which the action can be said to have accrued."), prohibition is not available to review an allegedly erroneous order from the trial court rejecting an affirmative defense in a civil proceeding based on the statute of limitations. *See Allan & Conrad, Inc. v. Univ. of Cent. Fla.*, 961 So. 2d 1083, 1086 (Fla. 5th DCA 2007); *Panagakos v. Laufer*, 779 So. 2d 296, 297 (Fla. 2d DCA 1999). Stated somewhat differently, prohibition "was never designed to prevent the erroneous exercise of an existing jurisdiction, or to be used as a substitute for a writ of error or appeal." *State ex rel. Cacciatore v. Drumright*, 156 So. 721, 723 (Fla. 1934).

Accordingly, based on the sparse record before us, the very limited ground for relief asserted in the petition, and the extremely narrow scope of a writ of prohibition, we deny Fetzer's petition because, simply stated, the circuit court is not acting without or in excess of its jurisdiction. In doing so, we take no position as to whether Fetzer has other avenues available to him either to obtain release or to otherwise bring this now-almost-thirteen-year civil commitment proceeding to trial because the record before us is not sufficiently developed to show that he is entitled to such relief. *Cf. Morel v. Wilkins*, 84 So. 3d 226, 247–48 (Fla. 2012) (holding that an eight-year delay prior to trial on the State's involuntary civil commitment petition did not violate the defendant's right to due process where the defendant waived his right to trial within thirty days, never reasserted his right to trial, and the delays in the proceeding were attributable to the defendant).[6]

PETITION FOR WRIT OF PROHIBITION DENIED.

MAKAR and SOUD, JJ., concur.

---

[6] The State has argued here, with some support in the record, that the lengthy delay in this case is attributable to Fetzer's own actions in, among other things, specifically and repeatedly refusing to participate in numerous scheduled court proceedings.