IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

WILLIAM S. DUNSON, III,

      Appellant,

v.

                                        Case No. 5D22-2607
                                        LT Case No. 2015-DR-000015

JESSICA DUNSON,

      Appellee.

_____/

Opinion filed August 18, 2023

Appeal from the Circuit Court
for Flagler County,
Christopher A. France, Judge.

Martin Pedata, of Law Office of Martin Pedata,
DeLand, for Appellant.

Steven J. Guardiano, of Guardiano Law P.A.,
Daytona Beach, for Appellee.


JAY, J.

      William Dunson ("Father") raises five issues concerning the trial court's

modification of the parties' 2019 dissolution judgment and its order finding

Father in contempt. We agree that the court did not make all the findings necessary to award attorney's fees to Jessica Dunson ("Mother"). We also agree that the court erred by using Father's gross income to calculate his monthly child support payment. As for the remaining three issues, we affirm two without discussion and write to address Father's claim that the court made insufficient factual findings about the changes in circumstances that warranted modification of the dissolution judgment.[1]

## I.

The court ordered Father to pay $5,700 in attorney's fees relating to the contempt motion filed by Mother.[2] The court made a finding about the number of hours that Mother's counsel spent on the contempt matter, which was consistent with the billing records that the court incorporated in its order. The court also made section 61.16 findings about Mother and Father's financial resources. *See* § 61.16(1), Fla. Stat. (2021); *Rosen v. Rosen*, 696

---

[1] Mother moved to dismiss this appeal as moot because of subsequent developments in another domestic case between the parties. That motion is denied. *See Godwin v. State*, 593 So. 2d 211, 212 (Fla. 1992); *State Farm Fla. Ins. Co. v. Bellamy*, 302 So. 3d 1081, 1082 (Fla. 1st DCA 2020).

[2] The court also ruled that Mother is entitled to a certain percentage of attorney's fees stemming from her modification petition, but it reserved jurisdiction to award the precise dollar amount in a separate order after receiving additional evidence. This ruling is not ripe for appellate review. *See Cummings v. Cummings*, 868 So. 2d 1285, 1286 (Fla. 5th DCA 2004).

So. 2d 697, 699 (Fla. 1997).

However, the court did not make any findings about the reasonableness of Mother's counsel's hourly rate. *See Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150–51 (Fla. 1985) (setting forth factors, such as counsel's level of experience, that a court is to consider when determining if counsel's hourly rate is reasonable). This is an error apparent on the face of the judgment. *See Merriman v. Adler*, 338 So. 3d 1084, 1085 (Fla. 5th DCA 2022) ("[T]he absence of findings in the order to support the amount of fees awarded is error on the face of the order that may be addressed on appeal, even absent a transcript."); *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012) (noting that the reasonableness of counsel's hourly rate is among the findings that a court must make when awarding attorney's fees under section 61.16). Indeed, even without a transcript of the proceedings below, it is evident the court did not complete the required hourly rate analysis since the judgment on appeal directs Mother's counsel—in aid of her still pending request for fees stemming from the modification petition—to submit an affidavit detailing her number of years in practice and experience in family law. *See Horowitz v. Rossdale CLE, Inc.*, 357 So. 3d 260, 261–62 (Fla. 5th DCA 2023) (reversing a fee award—in a case where there was no transcript—because the four corners of the

3

judgment showed that the court did not make the required findings and could not have done so due to missing evidence). Thus, we must reverse the fee award and remand for the court to make the required hourly rate determination.

## II.

The 2019 dissolution judgment required Father to pay $150 per month in support of the parties' child. In 2021, Mother asked the court to modify Father's child support payment based on his increased earnings. After holding a trial,[3] the court raised Father's monthly payment to $677.65. The court found that Father's "total gross income" in 2021 was $43,302. However, the child support worksheet that the court incorporated into its judgment lists Father's *net* monthly income as $3,608.50. This amount multiplied by twelve months equals $43,302. Thus, as Father correctly alleges, the court based its child support calculation on Father's gross income instead of his net income. This is error. *See* § 61.30(9), Fla. Stat. (2021); *King v. King*, 320 So. 3d 766, 768 (Fla. 4th DCA 2021); *Marini v. Kellett*, 279 So. 3d 248, 253–54 (Fla. 5th DCA 2019).

Mother maintains that Father effectively invited this error by stipulating

---

[3] Again, because there is no transcript, our review is limited to errors that appear on the face of the judgment. *See Larocka v. Larocka*, 43 So. 3d 911, 913 (Fla. 5th DCA 2010).

to Mother's evidence. The judgment shows that Father stipulated to the exhibits listed on Mother's amended exhibit list. While that exhibit list included Father's financial affidavits and income information from his employer, it did not include a child support worksheet. Instead, the court wrote that it "reviewed as a demonstrative aid, a guidelines child support calculation that was prepared based upon the financial evidence of the parties." Thus, contrary to what Mother suggests, the judgment does not reflect that Father stipulated to the accuracy of the child support worksheet.

Mother also suggests that any missing income information is attributable to Father's noncompliance with discovery requests. The court noted that Father displayed "contentiousness in refusing to provide accurate income information and in failing to respond to discovery requests *until mandated to do so.*" (emphasis added). However, the court did not find that Father's recalcitrance resulted in his net income being unavailable.

Because the face of the judgment shows that the court used Father's gross income to determine his new child support payment, we reverse the modified payment and remand for the court to recalculate the payment using Father's net monthly income. *See* § 61.30(9), Fla. Stat.; *King*, 320 So. 3d at 768.

III.

Lastly, we write to address Father's belief that the court did not make findings of fact to support its legal conclusion that there were substantial and material changes in circumstances that warranted modifying the 2019 dissolution judgment. Unlike the previous issue, here, the parties' stipulation is decisive.

In his answer to Mother's modification petition, Father agreed with Mother's allegation that "[b]etween November 15, 2019 and the present, there have been substantial and material changes that have occurred with respect to the Parenting Plan and in particular, with respect to matters pertaining to the best interests of the minor child." The judgment on appeal states that at trial, the parties stipulated there were substantial and material changes in circumstances that warranted modification to further their child's best interests. *See Phillips v. Phillips*, 1 So. 2d 186, 188 (Fla. 1941) (recognizing that statements in a trial court's judgment are presumed to be accurate unless they are contradicted by other parts of the record). In relevant part, the judgment on appeal reads:

> 1. **MODIFICATION:** The parties, through a combination of their pleadings and a stipulation announced in open Court, each agreed that there have been substantial and material changes in the circumstances of both of the parties and the minor child since the Final Judgment was entered in this

6

> matter and those substantial and material changes are such that it would be in the best interests of the minor child to make modifications in the parenting plan, child support[,] and issues bearing upon sole parental authority to make decisions as to some issues which will be enumerated below.
>
> 2. **SUBSTANTIAL AND MATERIAL CHANGES**: Because of the stipulations, the Court will not expound on the evidence, other than to state that it was fully and completely established that there is substantial, competent evidence before the Court sufficient to ratify and approve those stipulations and to modify the existing Final Judgment.

In his reply brief, Father "agrees that the parties stipulated and announced in court that there have been substantial and material changes warranting the modification of the Final Judgment." Nevertheless, he claims that the court's modification judgment cannot stand because it does not more precisely identify the content of the parties' stipulation. We reject this claim.

Regardless of the underlying factual basis or strategic rationale for doing so, there is no dispute that the parties stipulated there were substantial and material changes that warranted modification of the 2019 judgment to advance their child's best interests. Furthermore, based on the evidence before it, the court fully accepted that stipulation. Having stipulated to this reality—both in his answer and at trial—Father cannot backtrack from it on appeal. *See Esch v. Forster*, 168 So. 229, 231 (Fla. 1936) ("Courts look with

favor upon stipulations designed to simplify, shorten, or settle litigation and save costs to the parties, and such stipulations will be encouraged by the courts, and enforced by them, unless good cause is shown to the contrary."); *Gjokhila v. Seymour*, 349 So. 3d 496, 501 (Fla. 1st DCA 2022) (favorably quoting *Nemaizer v. Baker*, 793 F.2d 58, 59–60 (2d Cir. 1986), which provides that "[t]he legal consequences of a stipulation incorporated in a court order may not be undone simply because, with the benefit of hindsight, stipulating turns out to have been an unfortunate tactic").

To whatever extent the court's judgment lacks findings of fact, the parties induced that error by asking the court to accept their stipulation. *See Muina v. Canning*, 717 So. 2d 550, 553 (Fla. 1st DCA 1998) ("Under the invited error rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make."); *see also Gjokhila*, 349 So. 3d at 501–02 ("Mother contends that the trial court erred when it ratified . . . an agreement that she asked the court to approve. That is a bridge too far. The invited error doctrine precludes appellate relief under these circumstances."). In essence, Father's position is that even though the parties asked the court to find all the legal necessities for modification, the court should have ignored this request so that it could find more facts—facts which the parties' stipulation made superfluous. Like

8

the appellant's position in *Gjokhila*, this is a bridge too far.

Moreover, even without the stipulation, the judgment includes numerous factual findings that support modification. For example, the court found that since 2019, Father was earning more money and making substantial purchases, Father refused to communicate with Mother about parenting issues, Father interfered with "routine telephone communication" between Mother and the child, Father and Mother were unable to communicate civilly via text message and Facebook, the child had enrolled in new extracurricular activities, and the Covid pandemic caused the closure of Mother's business. These findings were in addition to the court's overarching finding that there was "substantial, competent evidence before the Court sufficient to ratify and approve [the parties'] stipulations and to modify the existing Final Judgment." On this record, Father cannot demonstrate that the court's judgment is legally insufficient.

IV.

In sum, we reverse Father's modified child support payment and the award of attorney's fees stemming from Mother's contempt motion. On remand, the trial court must (1) recalculate Father's child support payment using his net monthly income and (2) determine whether Mother's counsel's hourly rate is reasonable before awarding attorney's fees related to Mother's

9

contempt motion. As to all other matters, we affirm.[4]

AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.

BOATWRIGHT and MACIVER, JJ., concur.

---

[4] We also remand Mother's motion for appellate attorney's fees to the trial court with directions to award those fees if Mother establishes her entitlement to them under section 61.16. *See Abouzaid v. Helmy*, 326 So. 3d 209, 209–10 (Fla. 5th DCA 2021).